IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-30769

COURTNEY SANDOZ

Plaintiff-Appellee

v.

CINGULAR WIRELESS LLC; CINGULAR WIRELESS EMPLOYEE
SERVICES LLC; AT&T MOBILITY LLC

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Louisiana

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PRADO, Circuit Judge:

In this case, we deal with the difficult question of when an employer can moot a purported collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, by paying an employee's claim in full. In particular, we must consider the complex interplay between Federal Rule of Civil Procedure 68, which stipulates how a defendant can make an offer of judgment that would fully satisfy a plaintiff's claim, and the FLSA's provision for collective actions under § 216(b). Because Plaintiff-Appellee Courtney Sandoz ("Sandoz") filed a motion to certify her collective action that, if timely and if granted, will relate back to when she initiated her lawsuit against Defendant-Appellant Cingular

Wireless ("Cingular"),[1] we vacate the district court's judgment and remand for consideration of the timeliness, and, if necessary, the merits of Sandoz's certification motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sandoz worked for Cingular as a part-time retail sales consultant in Lafayette, Louisiana, from October 10, 2004, until she voluntarily resigned on October 5, 2005.  On April 23, 2007, Sandoz brought suit against Cingular in Louisiana state court, alleging that the way in which Cingular paid its part-time employees for excess time worked violated the minimum wage provisions of the FLSA.  See 29 U.S.C. § 206.  In essence, Sandoz argues that Cingular's accounting system resulted in paychecks that paid her less than the minimum wage for all of the hours she worked in certain weeks.  She styled her case as an opt-in collective action under § 216(b) of the FLSA.  See id. § 216(b).  Sandoz served Cingular with the state court petition on July 27, 2007.  On August 13, 2007, Cingular removed the case to the district court.  Cingular filed its answer to Sandoz's petition on August 20, 2007.

On September 6, 2007, twenty-four days after removing the case to the district court and a little over a month after receiving Sandoz's petition, Cingular made Sandoz an offer of judgment under Federal Rule of Civil Procedure 68 for $1,000, plus her reasonable attorneys' fees.  Sandoz failed to accept the offer of judgment within ten days.  See FED. R. CIV. P. 68(a) ("If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment.").  Instead, Sandoz filed a motion to strike the reference to the offer of judgment.  Cingular filed a motion to dismiss for lack of subject matter jurisdiction, asserting that the offer

---

[1] Sandoz sued Cingular Wireless LLC, Cingular Wireless Employee Services LLC, and AT&T Mobility LLC.  The Cingular entities are now known as AT&T Mobility LLC.  For simplicity, we refer to all of the Defendants-Appellants as "Cingular."

of judgment fully satisfied Sandoz's claims. The district court denied Sandoz's motion to strike and denied Cingular's motion to dismiss. The court rejected Cingular's argument that a make-whole offer to a named plaintiff alone in a collective action under the FLSA divests the court of subject matter jurisdiction. However, the court granted Cingular's motion to allow an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). On June 5, 2008, about three weeks after the district court denied Cingular's motion to dismiss, Sandoz filed a motion for certification of her collective action. This court granted Cingular's motion to stay the district court's proceedings and expedited the appeal.

## II.  JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction pursuant to 28 U.S.C. § 1292(b), as the district court certified for interlocutory appeal its order denying Cingular's motion to dismiss. We review de novo a district court's ruling on a motion to dismiss for lack of subject matter jurisdiction. See LeClerc v. Webb, 419 F.3d 405, 413 (5th Cir. 2005).

## III.  DISCUSSION

A.    Mootness

Under Article III of the U.S. Constitution, a federal court may adjudicate only "cases" or "controversies." U.S. CONST. art. III, § 2; see Warth v. Seldin, 422 U.S. 490, 498-99 (1975). "Such a case or controversy must exist throughout the litigation; in other words, the case cannot be moot." Samnorwood Indep. Sch. Dist. v. Tex. Educ. Agency, 533 F.3d 258, 264 (5th Cir. 2008). Thus, "[i]f a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." Envtl. Conservation Org. v. City of Dallas, 529 F.3d 519, 525 (5th Cir. 2008). A case becomes moot when "'there are no longer adverse parties with sufficient legal interests to maintain the litigation' or 'when the parties lack a legally cognizable interest in the outcome' of the

litigation." Id. at 527 (quoting Scruggs v. Lowman (In re Scruggs), 392 F.3d 124, 128 (5th Cir. 2004) (per curiam)).

The issue in this appeal is whether a FLSA claim becomes moot when the purported representative of a collective action receives an offer that would satisfy his or her individual claim and no other plaintiffs have opted in to the collective action. Therefore, we must determine whether Sandoz represents only herself in this claim or if she also represents other similarly-situated employees in a FLSA collective action.

Section 216(b) of the FLSA provides,

> [a]ny employer who violates the provisions of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in [this section] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Thus, the FLSA allows an employee to bring a claim on behalf of other similarly-situated employees, but the other employees do not become plaintiffs in the action unless and until they consent in writing.[2] Id.; see

---

[2] More specifically, collective actions typically proceed in two stages. First, the plaintiff moves for conditional certification of his or her collective action. See Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995). The district court then decides, usually based on the pleadings and affidavits of the parties, whether to provide notice to fellow employees who may be similarly situated to the named plaintiff, thereby conditionally certifying a collective action. See id. Second, once discovery is complete and the employer moves to decertify the collective action, the court must make a factual determination as to whether there are similarly-situated employees who have opted in. See id. at 1214. If so, the collective action may proceed, and if not, the court must dismiss the opt-in employees, leaving only the named plaintiff's original claims. See id.; see also Detho v. Bilal, No. H-07-2160, 2008 WL 1730542, at *2-3 (S.D. Tex. Apr. 10, 2008).

Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243-44 (11th Cir. 2003) (per curiam). The parties do not dispute that at this time, no similarly-situated employees have opted in to Sandoz's case.

The Supreme Court has explained the history behind the opt-in provision of the FLSA:

> In 1938, Congress gave employees and their "representatives" the right to bring actions to recover amounts due under the FLSA. No written consent requirement of joinder was specified by the statute. In enacting the Portal-to-Portal Act of 1947, Congress made certain changes in these procedures. In part responding to excessive litigation spawned by plaintiffs lacking a personal interest in the outcome, the representative action by plaintiffs not themselves possessing claims was abolished, and the requirement that an employee file a written consent was added. See 93 Cong. Rec. 538, 2182 (1947) (remarks of Sen. Donnell). The relevant amendment was for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers of the burden of representative actions.

Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 173 (1989).

In LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 287 (5th Cir. 1975) (per curiam), this court considered an interlocutory appeal of a district court's order dismissing a class action claim in an age discrimination suit. In affirming the district court's decision, we compared § 216(b) of the FLSA, which allows plaintiffs to opt in to a collective action, to Federal Rule of Civil Procedure 23(c), which provides for class actions:

> There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA [§ 216(b)]. In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under [§ 216(b)] of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent.

Id. at 288. The court continued, "Rule 23(c) provides for 'opt out' class actions. FLSA [§ 216(b)] allows as class members only those who 'opt in.' These two types of class actions are mutually exclusive and irreconcilable." Id. at 289. We concluded that because the Age Discrimination in Employment Act adopted § 216(b) of the FLSA, a plaintiff could maintain only "opt in" type class actions for age discrimination cases. Id. Given this language, the rules and policies underlying "opt out" class actions might not apply when construing the FLSA, as the statute treats the representative plaintiff and opt-in plaintiffs differently. For example, in a FLSA collective action, the statute of limitations for a named plaintiff runs from the date that the plaintiff files the complaint, while the limitations period for an opt-in plaintiff runs from the opt-in date. See Atkins v. Gen. Motors Corp., 701 F.2d 1124, 1130 n.5 (5th Cir. 1983).

The Eleventh Circuit is the only other circuit that has addressed the same type of scenario currently before us. In Cameron-Grant, the court considered whether a named FLSA plaintiff, "whose personal claims are settled and now moot, may appeal the district court's order denying his motion to notify other potential plaintiffs of this FLSA action." 347 F.3d at 1242. That is, the Eleventh Circuit analyzed "whether the mootness principles in the Rule 23 class action context apply to collective actions brought under § 216(b) of the FLSA," id. at 1245, and, in particular, "whether the named plaintiff in a § 216(b) action under the FLSA has the right to represent other plaintiffs—that is, whether the named plaintiff has a procedural right analogous to the right provided for by Rule 23 in which the plaintiff can have a personal stake," id. at 1247. The court concluded that the 1947 amendments to the FLSA, which added the opt-in requirement, "prohibit what precisely is advanced under Rule 23—a representative plaintiff filing an action that potentially may generate liability in favor of uninvolved class members." Id. at 1248. The court noted, citing our decision in LaChapelle,

that a named plaintiff has no right to represent similarly-situated employees until the employees opt in, because "the action does not become a 'collective' action unless other plaintiffs affirmatively opt into the class by giving written and filed consent." Id. at 1249. Accordingly, the court held that the plaintiff's claim was moot, because "a § 216(b) plaintiff . . . presents only a claim on the merits . . . [and], [i]n contrast to the Rule 23 plaintiff, a § 216(b) plaintiff has no claim that he is entitled to represent other plaintiffs." Id.[3]

Several district courts also have held that a named plaintiff in a FLSA collective action did not represent the interests of similarly-situated employees who had not yet opted in. The facts of Rollins v. Systems Integration, Inc., No. 4:05-CV-408, 2006 WL 3486781 (N.D. Tex. Dec. 4, 2006), are directly on point. There, Rollins brought suit against Systems Integration under the FLSA for failure to pay earned overtime wages. Id. at *1. Systems Integration made an offer of judgment under Federal Rule of Civil Procedure 68 that would have given Rollins the full relief he sought had he prevailed on the merits. Id. Even though Rollins rejected the settlement offer, the district court held that it lacked subject matter jurisdiction because Rollins's claim was moot. Id. In particular, the court noted that "although Rollins purports to bring this action 'on behalf of those similarly situated,' he has presented no evidence, and the record is devoid of any evidence, that any other employee or former employee of Systems Integration has consented in writing to join Rollins's action." Id. at *5; see Darboe v. Goodwill Indus. of Greater N.Y. & N. N.J., Inc., 485 F. Supp. 2d 221, 223-24 (E.D.N.Y. 2007) ("In contrast [to the rules for a class action under Rule 23], an FLSA collective action requires members of the class to take the

---

[3] The precise factual pattern of Cameron-Grant, which involved a voluntary settlement and dismissal of all of the plaintiff's claims—as opposed to a plaintiff's refusal of a Rule 68 offer of judgment that would fully satisfy his or her claims—did not impact the court's analysis of the differences between § 216(b) collective actions and Rule 23 class actions.

affirmative step of 'opting in' to the action to be a part of the action and bound by its terms. Where no class member has opted in to the collective action, the named plaintiff is deemed to represent himself only. In such cases, application of Rule 68 to moot a single plaintiff's claim creates no conflict with the policy underlying the collective action procedure."); Ward v. Bank of N.Y., 455 F. Supp. 2d 262, 268-69 (S.D.N.Y. 2006) (holding that the defendant's Rule 68 offer of judgment mooted the plaintiff's FLSA claim); see also Louisdor v. Am. Telecomms., Inc., 540 F. Supp. 2d 368, 373 (E.D.N.Y. 2008) (same); Vogel v. Am. Kiosk Mgmt., 371 F. Supp. 2d 122, 127 (D. Conn. 2005) (citing LaChapelle and stating that "Rule 23 policy considerations do not apply to collective actions, as the named plaintiff in a section 216(b) action under the FLSA has no procedural right to represent other plaintiffs").

The district court here concluded that Cingular's Rule 68 offer of judgment did not moot Sandoz's claims, but it rested its decision on cases involving Rule 23 class actions, not collective actions under the FLSA. For example, in U.S. Parole Commission v. Geraghty, 445 U.S. 388, 390, 407 (1980), the Supreme Court concluded that a named plaintiff who brings a class action challenging the validity of the U.S. Parole Commission's Parole Release Guidelines could appeal the denial of class certification even after his claim had become moot. The Court reasoned that the named plaintiff still retained a personal stake in obtaining class certification. Id. at 404. In Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 327 (1980), the Court considered whether a "tender to named plaintiffs in a class action of the amounts claimed in their individual capacities, followed by the entry of judgment in their favor on the basis of that tender, over their objection, moots the case and terminates their right to appeal the denial of class certification." The Court held that the claims were not moot. Id. at 339.

Here, the district court held that based on Geraghty and Roper, allowing a defendant to "pick off" the representative plaintiff in a potential FLSA

8

collective action by making an offer of judgment would frustrate the objective of the statute. The district court also cited Hoffmann-LaRoche, Inc., 493 U.S. at 170, for the proposition that "a collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity."[4]

Generally speaking, we agree with the district court's concerns. A ruling that a defendant always can "pick off" a named plaintiff's FLSA claims before the plaintiff has a chance to certify the collective action would obviate one purpose of the collective action provision. See Prickett v. DeKalb County, 349 F.3d 1294, 1297 (11th Cir. 2003) ("Congress' purpose in authorizing § 216(b) class actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer."). However, given this court's discussion of the differences between Rule 23 class actions and § 216(b) collective actions in LaChapelle, 513 F.2d at 288-89, the district court improperly applied the precise rules from the Rule 23 context to this case. Cf. Ward, 455 F. Supp. 2d at 269 ("Ward's policy

---

[4] We note that two additional cases that the district court cited in support of its ruling are not on point. In Higueros v. New York State Catholic Health Plan, Inc., 526 F. Supp. 2d 342, 348-49 (E.D.N.Y. 2007), the court provided two reasons for its refusal to dismiss the plaintiff's FLSA case after the defendant made an offer of judgment that would settle the claim: first, the plaintiff still had a state law retaliation claim that remained outstanding, and second, the plaintiff had moved to conditionally certify a collective action before the court ruled on the defendant's motion to dismiss, and the certification motion was still pending before the court. Given that neither of these factors are present here, Higueros is distinguishable. In Neagley v. Atascosa County EMS, No. Civ.A.SA04CA0893XR, 2005 WL 354085, at *3 (W.D. Tex. Jan. 7, 2005), the court, sua sponte, conditionally certified the plaintiff's FLSA case as a collective action, holding that the plaintiff's complaint, while "at the outer bounds of what should be presented to the Court when initiating a collective action," sufficiently stated a claim against the defendant as to all similarly-situated employees. The district court here took no similar action. That is, although presumably the district court could have sua sponte conditionally certified the collective action based on Neagley—which would have nullified any mootness concerns—that scenario is not before this court.

arguments about the collective action mechanism of the FLSA do give this Court some pause. Here, however, these policy arguments are not compelling."). Moreover, we find persuasive the Eleventh Circuit's ruling in Cameron-Grant that there is a difference between when a Rule 23 class action and a FLSA collective action can become moot, because, unlike in a Rule 23 class action, in a FLSA collective action the plaintiff represents only him- or herself until similarly-situated employees opt in. See 347 F.3d at 1249. That is, the language of § 216(b) and the cases construing that provision demonstrate that Sandoz cannot represent any other employees until they affirmatively opt in to the collective action. This means that when Cingular made its offer of judgment, Sandoz represented only herself, and the offer of judgment fully satisfied her individual claims. If our analysis stopped there, Sandoz's case would be moot.

B.  Relation Back

Sandoz argues, however, that allowing a defendant to moot a collective action in this manner would violate the policies behind the FLSA because a plaintiff never would be able to certify a collective action. We agree that the mootness principles discussed above would provide an incentive for employers to use Rule 68 as a sword, "picking off" representative plaintiffs and avoiding ever having to face a collective action. Conceptually, this would seem to be the logical result of the interplay between FLSA § 216(b) and Rule 68. Luckily, however, the relation back doctrine provides a mechanism to avoid this anomaly.

In Sosna v. Iowa, the Supreme Court stated,

> [t]here may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to "relate back" to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.

419 U.S. 393, 402 n.11 (1975); see also Geraghty, 445 U.S. at 398 (noting that, given the relation back doctrine, the precise timing of a class certification motion is not crucial to the mootness inquiry). Thus, the "relation back" principle ensures that plaintiffs can reach the certification stage. As the Court stated in Roper,

> [t]o deny the right to appeal simply because the defendant has sought to "buy off" the individual private claims of the named plaintiffs would be contrary to sound judicial administration. Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.

445 U.S. at 339.

This court also has previously discussed the dangers of allowing a defendant to "pick off" class representatives by making an offer of judgment to the named plaintiff:

> By tendering to the named plaintiffs the full amount of their personal claims each time suit is brought as a class action, the defendants can in each successive case moot the named plaintiffs' claims before a decision on certification is reached. A series of individual suits, each brought by a new named plaintiff, could individually be "picked off" before class certification . . . . The fact remains that in those cases in which it is financially feasible to pay off successive named plaintiffs, the defendants would have the option to preclude a viable class action from ever reaching the certification stage.

Zeidman v. J. Ray McDermott & Co., 651 F.2d 1030, 1050 (5th Cir. Unit A July 1981).

The Third Circuit applied these principles to conclude that "[a]bsent undue delay in filing a motion for class certification . . . where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the

certification motion back to the filing of the class complaint." Weiss v. Regal Collections, 385 F.3d 337, 348 (3d Cir. 2004). The court there recognized that allowing a defendant to moot a representative plaintiff's claim through a Rule 68 offer of judgment would effectively nullify the possibility of obtaining class certification. See id. at 349. The court also distinguished between a plaintiff who voluntarily settles a case from a plaintiff who refuses a defendant's offer of judgment that would fully satisfy the plaintiff's claim. See id. at 349-50. The Third Circuit stated that "relation back" is more appropriate in the latter setting, as it is the defendant's unilateral action that rendered the plaintiff's case moot. See id. at 350.

Although these cases arose in the Rule 23 class action context, the differences between class actions and FLSA § 216(b) collective actions do not compel a different result regarding whether a certification motion can "relate back" to the filing of the complaint. The status of a case as being an "opt in" or "opt out" class action has no bearing on whether a defendant can unilaterally moot a plaintiff's case through a Rule 68 offer of judgment. Although the differences between Rule 23 class actions and FLSA § 216(b) collective actions alter the conceptual mootness inquiry, each type of action would be rendered a nullity if defendants could simply moot the claims as soon as the representative plaintiff files suit. Thus, the policies behind applying the "relation back" principle for Rule 23 class actions apply with equal force to FLSA § 216(b) collective actions. Cf. Rubery v. Buth-Na-Bodhaige, Inc., 494 F. Supp. 2d 178, 181 (W.D.N.Y. 2007) (holding that the defendant's motion to dismiss based on its Rule 68 offer of judgment was premature because the court had not yet ruled on the plaintiff's motion for certification of the action as a class action or collective action). This principle also comports with the balance the FLSA attempts to strike. See De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 306 (3d Cir. 2003) (noting that Congress enacted the opt-in provision for FLSA collective

actions in an attempt to "strike a balance to maintain employees' rights but curb the number of lawsuits").

The proper course, therefore, is to hold that when a FLSA plaintiff files a timely motion for certification of a collective action, that motion relates back to the date the plaintiff filed the initial complaint, particularly when one of the defendant's first actions is to make a Rule 68 offer of judgment. If the court ultimately grants the motion to certify, then the Rule 68 offer to the individual plaintiff would not fully satisfy the claims of everyone in the collective action; if the court denies the motion to certify, then the Rule 68 offer of judgment renders the individual plaintiff's claims moot.[5] Thus, although the district court was correct to suggest that Cingular's motion to dismiss was premature, it failed to give the proper reason: that so long as Sandoz timely filed a motion to certify her collective action, that motion would relate back to the date she filed her initial state court petition.

Here, Cingular made its offer of judgment about a month after receiving Sandoz's complaint. Other courts have found that there must be some time for a plaintiff to move to certify a collective action before a defendant can moot the claim through an offer of judgment. See, e.g., Roble v. Celestica Corp., No. 06-2934, 2007 WL 2669439, at *3 (D. Minn. Sept. 6, 2007) (holding that the plaintiffs' claims were not moot where the defendant filed its motion to dismiss only three days before the plaintiffs filed their motion for conditional class

---

[5] See Zeidman, 651 F.2d at 1041 (noting the "general principle that a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has properly been certified"); see also Weiss, 385 F.3d at 342 (stating that "under traditional mootness principles, an offer for the entirety of a plaintiff's claim will generally moot the claim"); Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." (citation omitted)); Darboe, 485 F. Supp. 2d at 223 ("Since the individual plaintiff has been offered the full relief sought, the offer of judgment renders the case moot."); Rollins, 2006 WL 3486781, at *3 (same).

certification, because "[a]llowing such a defensive strategy would frustrate the FLSA's collective action provision allowing for the aggregation of small claims, and would endorse an unacceptably narrow understanding of Article III's case-or-controversy requirement"); Schaake v. Risk Mgmt. Alternatives, Inc., 203 F.R.D. 108, 112 (S.D.N.Y. 2001) (holding that a claim was not moot when the defendant made its offer of judgment only thirty-two days after the plaintiff filed the complaint underlying the class action). Accordingly, this is the precise scenario in which application of the relation back doctrine would be appropriate.

However, Sandoz did not file her motion to certify until thirteen months after she filed her complaint, and relation back is warranted only when the plaintiff files for certification "without undue delay." See Weiss, 385 F.3d at 348. On remand, the district court must determine, under these unique facts, whether Sandoz timely sought certification of her collective action. If she did, then her motion relates back to the filing of her initial state court petition. Further, if the court ultimately grants the certification motion, then Cingular's Rule 68 offer of judgment only to Sandoz did not moot the case. Conversely, if the court denies the certification motion, then Sandoz still represents only herself, and Cingular's Rule 68 offer of judgment rendered the case moot.[6]

## IV. CONCLUSION

---

[6] On appeal, Sandoz also asserts that her case is not moot because she sought equitable relief based on alleged FLSA disclosure violations. However, Sandoz cannot receive equitable relief for this type of claim under the FLSA. See 29 U.S.C. § 216(b); Ward, 455 F. Supp. 2d at 270 ("Under the FLSA, [a plaintiff] can be afforded no equitable relief."). Additionally, Sandoz asserts that she is entitled to fees as a "prevailing party" under the "catalyst theory" of liability, as Cingular allegedly changed its pay practices after Sandoz brought suit. See Foreman v. Dallas County, 193 F.3d 314, 321 (5th Cir. 1999) (noting that under the "catalyst theory" a plaintiff may obtain attorneys' fees as a "prevailing party"). However, Sandoz did not make this argument to the district court, so she has waived it on appeal. See LeMaire v. La. Dep't of Transp. & Dev., 480 F.3d 383, 387 (5th Cir. 2007) (noting that arguments made for the first time on appeal are waived).

Although in theory a Rule 68 offer of judgment could moot a FLSA collective action, the relation back principle applies to ensure that defendants cannot unilaterally "pick off" collective action representatives and thwart the availability of collective actions under the FLSA. Accordingly, we vacate the district court's denial of Cingular's motion to dismiss for lack of subject matter jurisdiction and remand for a consideration of the timeliness and, if necessary, the merits of Sandoz's motion to certify.

VACATED AND REMANDED.