# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2010

No. 09-50157

Charles R. Fulbruge III
Clerk

WESLEY MURRAY; KELLY RENEE MURRAY,

Plaintiffs - Appellants

v.

FIDELITY NATIONAL FINANCIAL INC.; FIDELITY NATIONAL TITLE
GROUP; CHICAGO TITLE INSURANCE COMPANY; TICOR TITLE
INSURANCE COMPANY; CHICAGO TITLE INSURANCE GROUP;
FIDELITY NATIONAL TITLE INSURANCE COMPANY,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas

Before KING, GARZA, and HAYNES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

This appeal from a dismissal in which the district court held that the
Murrays' claims were moot before they became named plaintiffs invites us to
extend our reasoning in *Zeidman* to plaintiffs added through amendment. For
the following reasons, we decline to do so.

I

Appellants Wesley Murray and Kelly Renee Murray (the "Murrays") were
not parties to the instant suit when it was filed. The suit began when Rosa

No. 09-50157

Maria Arevalo[1] and Amy Lyn Rash ("Original Plaintiffs") filed a class action alleging that Ticor Title Insurance Company ("Ticor Title") had overcharged them to record documents related to their residential real estate closings and that the other Defendants were also liable under theories of vicarious liability. It soon became clear that Original Plaintiffs had not in fact conducted any business with Ticor Title or any of the other Defendants. Rather, they had dealt with a third party that promoted itself as "Ticor Title of San Antonio," despite having no authority to act for any of the Defendants.

Original Plaintiffs filed a FED. R. CIV. P. 15(a)(2) motion for leave to amend their complaint and add the Murrays, who had dealt with Defendant Chicago Title Insurance Group ("Chicago Title"), as class representatives. While that motion was pending, Chicago Title tendered a check to the Murrays' counsel as full payment of their claim. Notwithstanding the tender, the district court granted Original Plaintiffs' motion for leave to amend, and the Murrays were added as named representatives of the putative class. Original Plaintiffs and the Murrays filed a Second Amended Class Action Complaint.

Defendants responded with two motions challenging the subject matter jurisdiction of the district court. They filed a motion to dismiss, arguing, *inter alia*, that the Murrays' claims had been mooted by the tender of payment before they became parties to the suit. They also filed a motion for summary judgment, arguing, *inter alia*, that Original Plaintiffs failed to establish any case or controversy against any Defendant, because none of the Defendants handled Original Plaintiffs' real estate transactions.

---

[1] Due to health concerns, Arevalo eventually withdrew as a class representative and voluntarily dismissed her claims prior to the district court's dismissal of the case. The Murrays have not argued that her withdrawal impacts our analysis. Thus, any such arguments are waived. *See, e.g.*, *Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009) (issues inadequately briefed on appeal are waived).

No. 09-50157

The district court granted Defendants' motions. The Murrays appeal the decision dismissing their claims against Chicago Title. Original Plaintiffs have not appealed, and the Murrays have not challenged the district court's finding that Original Plaintiffs lacked standing to sue.

II

We review de novo the district court's dismissal of the Murrays' claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

The Murrays argue that, because Rule 15(a)(2) requires plaintiffs to seek leave of the court before amending, plaintiffs are forced to inform defendants of proposed class representatives before those representatives are protected by *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030 (5th Cir. 1981) and *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913 (5th Cir. 2008). This, they argue, provides defendants the opportunity to "pick off" would-be class representatives by tendering the amount claimed individually by the plaintiff, thereby effectively preventing the original plaintiffs from amending a complaint to add other plaintiffs who better represent the interests of the putative class.

As a general principle, a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has been certified. *Zeidman*, 651 F.2d at 1045. In such a case there is no plaintiff (either named or unnamed) who can assert a justiciable claim against any defendant and consequently there is no longer a "case or controversy" within the meaning of Article III of the Constitution. *See, e. g.*, *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975); *Board of School Comm'rs. v. Jacobs*, 420 U.S. 128, 130 (1975); *Sannon v. United States*, 631 F.2d 1247, 1252 (5th Cir. 1980).

We have, however, recognized a limited exception to this general principle. In *Zeidman*, the plaintiffs' motion for class certification was pending when the defendants tendered to the named plaintiffs the full amount of their personal claims and moved for the dismissal of the entire action as moot. 651 F.2d at

1036. Although the case did not present the type of "transitory" claims typically involved in the "capable of repetition, yet evading review" exception to the mootness doctrine, the court found that the same logic applied to situations in which "the defendants have the ability by tender to each named plaintiff effectively to prevent any plaintiff in the class from procuring a decision on class certification." *Id.* at 1050. In both situations, the plaintiff's claim is prematurely mooted, thus justifying his continuance as class representative. *Grant ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 389 n.11 (5th Cir. 2003). Foreshadowing the concerns raised by the Murrays, the court noted "that in those cases in which it is financially feasible to pay off successive named plaintiffs, the defendants would have the option to preclude a viable class action from ever reaching the certification stage." *Id.* The court ultimately held "that a suit brought as a class action should not be dismissed for mootness upon tender to the named plaintiffs of their personal claims, at least when . . . there is pending before the district court a timely filed and diligently pursued motion for class certification." *Id.* at 1051.

The reasoning of *Zeidman* was extended in *Sandoz*.[2] In *Sandoz*, a Fair Labor Standards Act case, the defendant sought to moot the plaintiff's claims by making a Rule 68 offer before other employees had an opportunity to opt-in to the suit. We were concerned that allowing this practice to moot the suit would obviate the collective action provision because defendants could always "'pick off' a named plaintiff's FLSA claims before the plaintiff has a chance to certify the collective action." 553 F.3d at 919. Accordingly, we held that "when a FLSA

---

[2] Although *Sandoz* involved a Federal Labor Standards Act claim and the instant case arose in the Rule 23 class action context, *Sandoz* is nonetheless instructive. As the *Sandoz* court noted, "the differences between class actions and FLSA § 216(b) collective actions do not compel a different result regarding whether a certification motion can 'relate back' to the filing of the complaint [because]. . . the policies behind applying the 'relation back' principle for Rule 23 class actions apply with equal force to FLSA § 216(b) collective actions." 553 F.3d at 920.

plaintiff files a timely motion for certification of a collective action, that motion relates back to the date the plaintiff filed the initial complaint, particularly when one of the defendant's first actions is to make a Rule 68 offer of judgment." *Id.* at 920–921.

The Murrays argue that the same reasoning should apply where a defendant attempts to moot the plaintiffs' individual claims while a FED. R. CIV. P. 15(a)(2) motion is pending. Since the relation back doctrine would have applied had the Murrays filed a separate complaint instead of moving for leave to be added, they contend there is no principled reason not to apply the relation back doctrine to cover the period after the motion for leave gives the defendants notice that new plaintiffs are being added but before those plaintiffs are protected by *Zeidman*. In both situations, they argue, plaintiffs should be allowed a reasonable period of time to file a motion for class certification before their claims can be mooted by tender of the individual damages.

Although the Murrays have insisted that the interests of judicial economy motivated their decision to amend rather than to file a new complaint, we are not so concerned with the effects of multiple filings. FED. R. CIV. P. 42 provides that actions before the district court involving common questions of fact or law may be consolidated. Accordingly, the Murrays could have availed themselves of *Zeidman* and *Sandoz* by filing a separate complaint, which could have been consolidated with the original suit, had that suit not been moot. The availability of consolidation undermines the rationale for extending *Zeidman* to plaintiffs seeking to be added through amendment and minimizes the burden of multiple filings on the district court's docket.

Unlike the plaintiffs in *Zeidman* and *Sandoz*, the Murrays had a readily available means of preventing the defendants from mooting their suit. Had the Murrays chosen to file a separate complaint rather than seeking to be added to the original complaint, the defendants would have been unable to moot their

No. 09-50157

claims. *See Sandoz*, 553 F.3d at 921; *Zeidman*, 651 F.2d at 1051. Further, had the Murrays, rather than individuals who had no valid claims against Defendants, been the original parties to the suit, Defendants would have been unable to moot their claims. *See id.* In light of these available remedies, we see no need to extend *Zeidman* and *Sandoz* to the circumstances of this case.

Furthermore, even if we were inclined to extend *Zeidman* to cover plaintiffs seeking to be added to existing class complaints, we could not do so in this case. Original Plaintiffs' suit was non-justiciable from the moment it was filed because it presented no case or controversy as required by Article III. *See Samnorwood Indep. Sch. Dist. v. Tex. Educ. Agency*, 533 F.3d 258, 264 (5th Cir. 2008) (noting that "a case or controversy must exist throughout the litigation"); *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) (noting that a case becomes moot when there are no longer adverse parties with sufficient legal interests to maintain the litigation or when the parties lack a legally cognizable interest in the outcome of the litigation). If a case is moot, "a federal court has no constitutional authority to resolve the issues that it presents." *Envtl. Conservation Org.*, 529 F.3d at 525. Because Original Plaintiffs' suit was moot from the very beginning, a determination which the Murrays have not challenged, there was no suit to which the Murrays could be added.

## III

In sum, although we recognize the Murrays' concerns, we decline their invitation to extend *Zeidman*. Not only were the Murrays' claims mooted before they ever became parties to the suit, the suit itself was moot from the day it was filed. We affirm the district court's dismissal of the suit.

AFFIRMED.

6

No. 09-50157

KING, Circuit Judge, specially concurring:


I concur in the judgment affirming the district court's dismissal of the suit and in the panel's decision not to extend the reasoning in *Zeidman* to plaintiffs added by amendment.