Wayne SCOVIL, et al., Plaintiffs

v.

FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FedEx Home Delivery, Defendant.

No. 1:10–CV–515–DBH.

United States District Court, D. Maine.

Sept. 16, 2011.

Donald F. Fontaine, Law Office of Donald F. Fontaine, Portland, ME, Harold L. Lichten, Sara Smolik, Shannon E. Liss–Riordan, Timothy L. Belcher, Lichten & Liss–Riordan, P.C., Boston, MA, for Plaintiffs.

Caroline H. Cochenour, James C. Rehnquist, Boston, MA, Eric J. Uhl, Fisher & Phillips, LLP, Portland, ME, for Defendant.

## DECISION AND ORDER ON PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION

D. BROCK HORNBY, District Judge.

Current and former delivery drivers in Maine for FedEx Ground Package System, Inc. and its division FedEx Home Delivery (collectively "FedEx") have brought this lawsuit alleging that FedEx has violated the Fair Labor Standards Act ("FLSA") by misclassifying them as independent contractors and, as a result of the misclassification, has failed to pay them overtime for all hours worked in excess of 40 hours per week. The drivers have moved to certify this action conditionally as a collective action under the FLSA, and to provide notice to all potential opt-in members as authorized by 29 U.S.C. § 216(b). After oral argument on September 2, 2011, I GRANT the motion for conditional certification.

### ANALYSIS

#### FLSA Conditional Certification

 Determining ultimately whether FedEx owes overtime pay to these drivers under the FLSA depends on whether they are "independent contractors" or "employees," because the FLSA requires employers to pay overtime compensation to "employees" who work more than 40 hours per week, 29 U.S.C. §§ 206, 207. To enforce this requirement, the statute permits similarly situated employees to sue collectively for violations of the rule, 29 U.S.C.

§ 216(b). A two-step process determines whether a proposed group of plaintiffs is "similarly situated," and therefore qualified to proceed as a conditional collective action. *See Prescott v. Prudential Ins. Co.,* 729 F.Supp.2d 357, 363–64 (D.Me. 2010) (citing *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 916 n. 2 (5th Cir.2008)); *Kane v. Gage Merchandising Servs., Inc.,* 138 F.Supp.2d 212, 214 (D.Mass.2001). In the first step, assessed early in the litigation, plaintiffs need make only a "modest factual showing" that, with similar but not necessarily identical jobs, they suffered from a common unlawful policy or plan. *See Comer v. Wal–Mart Stores, Inc.,* 454 F.3d 544, 547 (6th Cir.2006) (citations omitted). If they make this showing, then notice can go out inviting other similarly situated workers to "opt into" the collective action.[1] After discovery takes place, a court then must-at the second stage "make the factual determination as to whether there are similarly—situated employees who have opted—in" and, thus, whether it is appropriate to continue to permit the case to proceed as a collective action. *See Sandoz,* 553 F.3d at 916 n. 2 (citing *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1214 (5th Cir.1995), overruled in part on other grounds by *Desert Palace, Inc. v. Costa,* 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003)); *Comer,* 454 F.3d at 546–47.

### The Plaintiffs' Showing of Similarly Situated

■ The plaintiffs propose a class of Maine FedEx drivers who drive trucks weighing less than 10,001 pounds, have only a single route, and drive the route full-time.[2] FedEx objects to conditional certification, responding that these drivers are not similarly situated under the controlling "economic realities" test, "which requires the court to make 'an individualized examination of the multiple factors relating to each driver's employment.'" FedEx Ground Package System, Inc.'s Mem. of Law in Opp'n to Pls.' Mot. for Conditional Cert. at 1 (Docket Item 37) (quoting *In re FedEx Ground Package Sys., Inc., Employment Practices Litig.,* 662 F.Supp.2d 1069, 1083 (N.D.Ind.2009)).[3] The plaintiffs assert that the test is not determinative at this conditional certification stage.

The caselaw on this question is divided. Many courts considering conditional certification under the FLSA have not applied the economic realities factors in determining whether proposed class members are similarly situated.[4] But other courts have

---

1. In contrast to class actions brought pursuant to Federal Rule of Civil Procedure 23, the FLSA requires collective action members affirmatively to opt into the case. *See* 29 U.S.C. § 216(b).

2. Some of this narrowing occurred at oral argument, and FedEx's counsel objected, but I see no prejudice. The court is obliged to approve only a class that is proper in scope.

3. To determine the substantive question of whether an individual is an employee under the FLSA, courts apply a six-factor economic realities test derived from a 1947 Supreme Court decision, *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947):

(1) the degree of control exercised by the employer over the worker;
(2) the worker's opportunity for profit or loss;
(3) the worker's investment in the business;
(4) the degree of skill and independent initiative required to perform the work;
(5) the permanence or duration of the working relationship; and
(6) the extent to which the work is an integral part of the employer's business.

*Bolduc v. Nat'l Semiconductor Corp.,* 35 F.Supp.2d 106, 112 (D.Me.1998).

4. *See Spellman v. American Eagle Express, Inc.,* No. 10–764, 2011 WL 4102301, 2011 U.S. Dist. LEXIS 53521 (E.D.Pa. May 18, 2011) (conditionally certifying a group of delivery drivers over a three state area without analyzing economic reality factors); *Carrera*

used the factors to determine whether individuals are similarly situated under the FLSA.[5] I do not find it useful to try to reconcile the divergent cases (and they probably are not reconcilable). I will have to deal with the economic realities factors conclusively when I determine ultimately whether the drivers are employees or independent contractors, but the question for me now is simpler: whether the drivers in the proposed class are similarly situated. I will use certain of the economic realities factors as they are useful to

that inquiry and as the record at this stage makes possible.

■ The plaintiffs have provided affidavits from six drivers, who have delivered FedEx packages in Maine in trucks weighing less than 10,001 pounds.[6] These drivers state that they are required to own a vehicle that prominently displays the FedEx logo, to wear FedEx uniforms, and to report to a FedEx terminal each morning to pick up their packages; and that their trucks are loaded by FedEx employees or FedEx drivers.[7] In addition, the drivers

v. *UPS Supply Chain Solutions, Inc.*, No. 10–60263, 2011 WL 1303151 (S.D.Fla. March 31, 2011) (conditionally certifying a class of delivery drivers throughout the entire state of Florida based upon showing that they are similarly situated drivers within that state; no economic reality factor analysis); *Coats v. Nashville Limo Bus*, No. 3–10–0759, 2011 WL 308403 (M.D.Tenn. Jan. 27, 2011) (granting conditional certification to truck drivers classified as independent contractors who are in the business of transporting automobiles for car dealerships; no economic reality factor analysis); *Edwards v. Multiband Corp.*, No. 10–2826, 2011 WL 117232 (D. Minn. Jan. 13, 2011) (plaintiffs must establish a "colorable basis for their claim" that they were "victims of a single ... policy or plan" and that they need not be identical but only similarly situated to putative class members); *In re Penthouse Executive Club Comp. Litig.*, No. 10–1145, 2010 WL 4340255 (S.D.N.Y. Oct. 27, 2010) (given that the plaintiffs have a similar job responsibilities and performed services for the same ownership and are classified as contractors, "if such a group does not merit at least preliminary class treatment, one would expect that class treatment would rarely be granted in FLSA actions"); *Labrie v. UPS Supply Chain Solutions*, No. 08–3182, 2009 WL 723599 (N.D.Cal. March 18, 2009) (granting conditional certification to delivery drivers on a national basis, who were classified as independent contractors; no economic reality factor analysis); *Lewis v. ASAP Land Express*, No. 07–2226, 2008 WL 2152049, at *1 (D.Kan. May 21, 2008) ("plaintiffs have satisfied the light burden to provide substantial allegations that they were together the victims of a single policy or plan", where they allege a "practice of not paying overtime"; no eco-

nomic reality factor analysis); *Lemus v. Burnham Painting and Drywall Corp.*, No. 06–01158, 2007 WL 1875539 (D.Nev. June 25, 2007) (rejecting argument that determining employment status versus independent contractor status would require a highly individualize inquiry making conditional certification inappropriate).

5. *See Bamgbose v. Delta–T Group, Inc.*, 684 F.Supp.2d 660, 668–69 (E.D.Pa.2010) (court analyzed economic realities factors in order to determine whether health care workers were similarly situated under the FLSA); *Kerce v. West Telemarketing Corp.*, 575 F.Supp.2d 1354 (S.D.Ga.2008) (court applied the economic realities factors to find telemarketing agents similarly situated and granted conditional certification under the FLSA).

6. *See* Decl. of Wayne Scovil (Docket Item 25–1); Decl. of Henry L. Smith (Docket Item 25–2); Decl. of James A. Maffei (Docket Item 25–3); Decl. of Kelley Nylund (Docket Item 25–4); Decl. of Anthony Esposito (Docket Item 25–5); Decl. of Brent Bailey (Docket Item 25–6).

7. Scovil Decl. ¶¶ 4–8, 20; Smith Decl. ¶¶ 4–8, 20; Maffei Decl. ¶¶ 4–8, 20; Nylund Decl. ¶¶ 4–8, 20; Esposito Decl. ¶¶ 4–8, 20; Bailey Decl. ¶¶ 4–8, 20. Each driver was required to comply with numerous rules and specifications governing the truck, the signage on the truck, uniform standards, grooming standards, and other such matters. *See* ¶ 7 of Scovil Decl., Smith Decl., Maffei Decl., Nylund Decl., Esposito Decl., and Bailey Decl.

had similar job duties (delivery drivers for FedEx)[8], were paid according to common policies and practices (payment per-package delivered, pursuant to an "Operator Agreement")[9], reported to FedEx terminal managers, and were subject to a common FedEx policy, namely, alleged misclassification of employment status.[10] At this initial stage, I conclude that the plaintiffs have presented sufficient evidence to show that they are similarly situated under the FLSA to justify notice to other drivers in the defined class.

Accordingly, I GRANT the plaintiffs' motion for conditional certification of this collective action.

*Notice*

FedEx asked for time to meet and confer with the plaintiffs on the form of notice if I were to grant the conditional certification. That is a reasonable request. The parties shall file an agreed-upon notice by September 23, 2011. If there are any issues upon which they cannot agree, they shall file a joint memorandum outlining

their respective positions on that same date.

SO ORDERED.

---

8. After the drivers' trucks were loaded with packages for the day, the drivers would scan each package into a FedEx tracking system, and FedEx would also utilize a scanner to keep track of each package, and the whereabouts of each driver. *See* ¶ 20 of Scovil Decl., Smith Decl., Maffei Decl., Nylund Decl., Esposito Decl., and Bailey Decl. The deliveries had to be made according to FedEx specifications, including how signatures were obtained, the times certain packages had to be delivered, and the places certain packages had to be placed. *See* ¶ 6 of Scovil Decl., Smith Decl., Maffei Decl., Nylund Decl., Esposito Decl., and Bailey Decl.

9. The drivers had no ability to negotiate the package delivery rates with the customers to

whom the packages were being delivered, or the individuals who were sending the packages. *See* ¶ 14 of Scovil Decl., Smith Decl., Maffei Decl., Nylund Decl., Esposito Decl., and Bailey Decl. This was all done by FedEx. *Id.* Each driver was required to deliver all the packages FedEx put on the truck on a given day for a price set by FedEx, with no discretion by the driver over whether or not to deliver a package on a particular day. *See* ¶ 10 of Scovil Decl., Smith Decl., Maffei Decl., Nylund Decl., Esposito Decl., and Bailey Decl.

10. *See generally* Scovil Decl., Smith Decl., Maffei Decl., Nylund Decl., Esposito Decl., and Bailey Decl.