# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30789

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2016

Lyle W. Cayce
Clerk

JAVIER PORTILLO, on behalf of himself or other persons similarly situated,

> Plaintiff - Appellant

v.

PERMANENT WORKERS, L.L.C.; CONRAD INDUSTRIES, INCORPORATED; DANNY CEPERO,

> Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:15-CV-1048

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Javier Portillo ("Portillo") sued his former employers for unpaid overtime wages in a collective action suit under the Fair Labor Standards Act ('FLSA"). When Defendants responded that they had no record of his employment, Portillo revealed that he had applied for employment using a fake name and social security number. Defendants then filed a reply asserting summary judgment was appropriate on equitable grounds. Portillo moved to have the

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-30789

class certified with himself as the class representative. The district granted summary judgment, explaining that Portillo was unfit to represent the proposed collective action. Because dismissal of Portillo's individual claim was not the appropriate remedy for a rejection of his sought-for representative role in this collective action, we VACATE and REMAND.

I.

Portillo worked from approximately November 2011 to December 2012 as a general laborer for Defendant Permanent Workers, LLC ("Permanent Workers"), which is owned by Defendant Danny Cepero ("Cepero"). Permanent Workers provided staff for three shipbuilding facilities managed by Defendant Conrad Industries, Inc. ("Conrad").

Portillo applied for employment under the assumed alias "Felix Serrano," using a fake social security card and state-issued identification.[1] While employed by Permanent Workers, he worked at all three shipyards managed by Conrad and allegedly worked 50-hour weeks on a frequent basis. Alongside a number of other similarly situated workers, Portillo alleges that he was never paid overtime of "time-and-half" for his services beyond the 40-hour week. In his sworn declaration, Portillo stated

> I was paid $18.00 per hour. For every hour that I worked in excess of forty in any particular work week, I was paid $18.00. On average, I worked approximately fifty hours per week . . . . I know from my conversations with my co-workers that they received approximately $18.00 per hour . . . . I know for a fact that many of these workers did not receive full overtime compensation.

---

[1] Portillo used this fake identity to complete paperwork including a Form I-9 ("Employment Eligibility Verification"), a Form W-4, and a medical questionnaire.

No. 15-30789

Following a Department of Labor investigation, Permanent Workers voluntarily sent notice letters to workers it had underpaid, offering the back wages it owed. Portillo received a letter, but it was addressed to "Felix Serrano," and Portillo never responded to it.

Instead, Portillo filed a "Collective Action Complaint" against Defendants, claiming a violation of the FLSA on behalf of himself and others similarly situated.[2] He sought unpaid wages, interest, liquidated damages, and attorney fees. Cepero and Permanent Workers responded, arguing *inter alia* that they had no record of ever having employed anyone under the name of "Javier Portillo."[3] They argued that Portillo failed to establish the requisite "employment relationship" necessary to establish a prima facie violation of the FLSA, and moved for summary judgment. In response, Portillo admitted for the first time that he had been employed under the identity "Felix Serrano."[4] Defendants responded that Portillo's admission further supported summary judgment on equitable grounds.[5]

Portillo then filed a motion for conditional certification of the collective action. In support of his motion, Portillo described two of his former Permanent

---

[2] 29 U.S.C. §§ 206-07 (2015). To recover under the FLSA for unpaid overtime wages a plaintiff must prove by a preponderance of the evidence:
(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed;
(2) that the employee engaged in activities within the coverage of the FLSA;
(3) that the employer violated the FLSA's overtime wage requirements; and
(4) the amount of overtime compensation due.
*Johnson v. Heckmann Water Res. (CVR.), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (citing *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 441 (5th Cir. 2005)).

[3] Conrad responded separately, making similar arguments.

[4] Portillo made this admission through a sworn affidavit, attached to his response in opposition to Defendants' motion for summary judgment.

[5] Specifically, Defendants argued that Portillo should be (1) equitably estopped from any benefits derived under the assumed identity of "Felix Serrano;" (2) barred from recovery under the doctrine of unclean hands; or (3) barred from recovery under the doctrine of after-acquired evidence.

Workers colleagues, Pedro Cruz and Julio Virgen, as prospective collective action members. Portillo argued that Cruz and Virgen were "similarly situated," justifying conditional certification of the collective action.[6] He also asked the district court to authorize notice to other potential plaintiffs who might "opt-in" to the collective action as authorized under the FLSA.[7]

The district court scheduled a hearing to address Portillo's motion for conditional certification of the collective action. The scheduled hearing never took place, because the court granted "summary judgment" before the date of the certification hearing. As we read the transcript of the summary judgment hearing, the district court's decision to dismiss Portillo's claims rested on its disapproval of the collective action component of his complaint. Specifically, the court observed that Portillo lacked credibility, and that his legal status and identity were unverified.[8] The court concluded that it "c[ould] not allow someone who has broken federal law to be the number one person in a class action," and granted summary judgment. Although the court "dismissed [the case] in its entirety without prejudice," it indicated that a future suit with a different lead plaintiff – and Portillo as a member of the collective action – was permissible. Portillo timely appealed.

---

[6] For instance, Cruz and Virgen worked at the same three shipyards as Portillo – those managed by Defendant Conrad. Like Portillo, both Cruz and Virgen alleged that they were underpaid for their overtime labor.

[7] *See* 29 U.S.C. § 216(b) (Under the FLSA, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

[8] We note that Portillo's immigration status alone does not bar him from bringing an FLSA suit. *See Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979) ("[I]t is well established that the protections of the Fair Labor Standards Act are applicable to citizens and aliens alike and whether the alien is documented or undocumented is irrelevant."). Defendants argue that Portillo's fraudulent acts are an affirmative defense against his individual FLSA claims, a defense which the district court did not reach and about which we express no opinion here.

No. 15-30789

Because the court's grant of summary judgment rested on its conclusion that Portillo was unfit to be the lead plaintiff in a collective action,[9] we construe the district court's grant of summary judgment as an implicit denial of conditional certification of Portillo's proposed collective action.

## II.

We review a district court's grant of summary judgment *de novo*, applying the same standards as the district court.[10] Under this standard, this Court evaluates whether the party seeking summary judgment has demonstrated that "there is no genuine dispute as to any material fact" and that they are "entitled to judgment as a matter of law."[11]

## III.

"[T]his court has never set a legal standard for collective-action certification," but we have affirmed at least two approaches.[12] Although we do not reach here the application of either standard, the district court will.

The first approach tracks Rule 23, where district courts evaluate FLSA collective actions against the well-established requirements of numerosity,

---

[9] "There's no way I would allow this individual to be the main plaintiff in a civil action . . . I'm going to dismiss it without prejudice."

[10] *Kerstetter v. Pac. Sci. Co.*, 210 F.3d 431, 435 (5th Cir. 2000).

[11] FED. R. CIV. P. 56(a).

[12] *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011) (unpublished) (citing *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1216 (5th Cir.1995)); *see also Lott v. Ten Star Truck Wash, Inc.*, No. CIV.A.H-06-00042, 2006 WL 6584401, at *1 (S.D. Tex. Aug. 18, 2006) ("[T]he Fifth Circuit has declined to endorse any particular standard for evaluating requests for notice to potential class members under the FLSA . . . .").

commonality, typicality, and adequacy.[13] The second is the "*Lusardi* approach," named for an opinion describing a two-stage certification process.[14]

During the first stage of the *Lusardi* approach,

"[T]he plaintiff moves for conditional certification of his or her collective action. The district court then decides, usually based on the pleadings and affidavits of the parties, whether to provide notice to fellow employees who may be similarly situated to the named plaintiff, thereby conditionally certifying a collective action."[15]

Because plaintiffs seeking conditional certification need not identify other hypothetical collective action members, the stage one standard is considered to be "fairly lenient." [16] The decision whether to conditionally certify "lends itself to *ad hoc* analysis on a case-by-case basis,"[17] but courts typically grant certification.[18] Upon grant of conditional certification, "notice of the action

---

[13] *Mooney*, 54 F.3d at 1214; Fed. R. Civ. P. 23(a).

[14] *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J. 1987); *see Mooney*, 54 F.3d at 1213 (describing *Lusardi*); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008) (explaining the two-step approach).

Most courts have adopted or approved the *Lusardi* approach. *See Mielke v. Laidlaw Transit, Inc.,* 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004) (stating that the majority of courts have employed or implicitly approved the two-step method); *see also Monroe v. FTS USA, LLC*, 815 F.3d 1000, 1008-09 (6th Cir. 2016) ("[W]e may not examine the certification issue using a Rule 23-type analysis; we must apply the 'similarly situated' standard governed by the three-factor test."); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001) ("Arguably, the *ad hoc* approach [of *Lusardi*] is the best of the three approaches outlined because it is not tied to the Rule 23 standards. Congress clearly chose not to have the Rule 23 standards apply . . . and instead adopted the 'similarly situated' standard."); *England v. New Century Fin. Corp.,* 370 F. Supp. 2d 504, 511 (M.D. La. 2005) (applying *Lusardi* in FLSA suit); *Basco v. Wal-Mart Stores Inc.,* No. Civ.A. 00-3184, 2004 WL 1497709, at *4 (E.D. La. 2004) (stating that the two-step *Lusardi* approach is the preferred method for making the similarly situated analysis and that the standard does not incorporate Rule 23 requirements). *But see Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) (applying Rule 23 to affirm denial of certification of a collective action under the FLSA).

[15] *Sandoz*, 553 F.3d at 921 n.2 (citations omitted); *see also Mooney,* 54 F.3d at 1213-14, *overruled on other grounds by Desert Palace, Inc. v. Costa,* 539 U.S. 90 (2003).

[16] *Mooney*, 54 F.3d at 1214.

[17] *Id*. at 1213.

[18] *Id.* at 1214; *see also Lott*, 2006 WL 6584401, at *1.

No. 15-30789

should be given to potential class members,"[19] allowing them the opportunity to "opt-in" to the collective action.[20]

In the second stage of the *Lusardi* approach, "once discovery is complete and the employer moves to decertify the collective action, the court must make a factual determination as to whether there are similarly-situated employees who have opted in."[21] At this stage, courts are much less likely to allow the collective action to continue to trial.[22] The court may consider: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to [defendant] which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations."[23]

Whichever standard a district court applies, this Court reviews its application of that standard for an abuse of discretion.[24]

IV.

This appeal does not require us to determine whether the district court abused its discretion in implicitly declining to certify Portillo's proposed collective action. We express no opinion as to the merits of certification of the collective action here, nor do we endorse either standard for evaluating proposed collective actions in FLSA cases like this one.[25] Rather, we are compelled to vacate the district court's dismissal of Portillo's individual claim for reasons unrelated to the viability of the proposed collective action.

---

[19] *Id.* at 1214.

[20] 29 U.S.C. § 216(b).

[21] *Sandoz*, 553 F.3d at 915 n.2.

[22] *Mooney*, 54 F.3d at 1214.

[23] *Mooney*, 54 F.3d at 1213-14 & n.7.

[24] *Steele v. Leasing Enters., Ltd.*, No. 15-20139, 2016 WL 3268996, at *7 (5th Cir. June 14, 2016).

[25] We also do not reach the ultimate merits of the asserted defenses to Portillo's individual claim.

No. 15-30789

This Court has explained that when a court declines to certify a proposed collective action, it "*must* dismiss the opt-in employees, leaving only the named plaintiff's original claims."[26] The original plaintiffs then "proceed to trial on their individual claims."[27] Our sister circuits have similarly explained that "[w]hen a collective action is decertified, it reverts to one or more individual actions on behalf of the named plaintiffs."[28]

Here, the court could have explicitly ruled on Portillo's motion for conditional certification of the collective action. If it denied certification, Portillo's individual action should have proceeded. Alternatively, if the court chose to allow the collective action to proceed with a different lead plaintiff, it should not have dismissed but ought to have allowed counsel to offer another suitable plaintiff to lead the collective action.[29] By dismissing Portillo's

---

[26] *Sandoz,* 553 F.3d at 915 n.2 (5th Cir. 2008) (emphasis added); *see also Mooney*, 54 F.3d at 1214.

[27] *Mehmedi v. La Dolce Vita Bistro, LLC*, No. 1:10CV1591, 2013 WL 9349700, at *12 (N.D. Ohio Feb. 22, 2013) (citing *Hipp v. Liberty Nat. Life Ins.*, 252 F.3d 1208, 1218 (11th Cir. 2001)). This is not to say that Portillo is guaranteed a trial on the merits in the district court. Granting summary judgment may well be the appropriate disposition of this case. We leave determining whether there is any genuine dispute of material fact and whether Permanent Workers is entitled to judgment as a matter of law in the capable hands of the district court.

[28] *Alvarez v. City of Chicago,* 605 F.3d 445, 450 (7th Cir. 2010); *see also O'Brien v. Ed Donnelly Enter., Inc.,* 575 F.3d 567, 573 (6th Cir. 2009) (affirming dismissal of the opt-in plaintiffs and noting that most subsequently filed individual actions); *Fox v. Tyson Foods, Inc.,* 519 F.3d 1298, 1301 (11th Cir. 2008) (affirming decertification of an FLSA collective action, dismissal of the opt-in plaintiffs, and severance of named plaintiffs into multiple individual actions).

[29] *See Silva v. Vowell*, 621 F.2d 640, 649-50 (5th Cir. 1980) (remanding to the district court for a new named plaintiff since original named plaintiff's case had become moot).

We note that other circuits have found it within the inherent authority of the district court to dismiss a plaintiff's claim with prejudice as a sanction for litigating under a false name. *See, e.g.*, *Zocaras v. Castro*, 465 F.3d 479, 483-85 (11th Cir. 2006); *Dotson v. Bravo*, 321 F.3d 663, 666-69 (7th Cir. 2003). However, the rationale for such a severe sanction is not present here, as there is no allegation that Portillo has filed this suit under an assumed name or that his misrepresentation otherwise constitutes an abuse of the judicial process. *Cf. Sanchez v. Litzenberger*, 09 Civ. 7207 (THK), 2011 WL 672413, at *5 (S.D.N.Y. Feb. 24, 2011) (denying defendants' motion to dismiss where "[p]laintiff did not invent a fictitious name solely for the purpose of obstructing the judicial process" and the misrepresentation was, "at worst, only tangentially related to the issues in dispute"); *Rodriguez v. City of Highland Park*,

individual claim without prejudice, it appears that the court intended to effect this result. However, the court erred as a matter of law by dismissing Portillo's individual claim.

We VACATE and REMAND for further proceedings.

---

No. 01 C 4486, 2002 WL 31557628, at *3-5 (N.D. Ill. Nov. 14, 2002) (plaintiff who filed suit under an assumed name but disclosed his true name in response to discovery requests permitted to pursue his claims because he had not invented alias to deceive courts and prejudice to defendants was limited).

EDITH BROWN CLEMENT, Circuit Judge.

The district court committed legal error by granting summary judgment without prejudice. *See Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011). This type of mistake is usually a clerical error that is easily corrected, and the district court's true intention is easily discerned. But this is not the case here. Although I appreciate the majority's attempt to decipher the district court's action, I concur only in the result to vacate and remand.