**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MENTHA SMITH and JUSTIN
GOSSETT, on behalf of themselves
and all others similarly situated,
            *Plaintiffs-Appellants,*

            v.

T-MOBILE USA INC.; POWERTEL
INC.,

            *Defendants-Appellees.*

No. 08-55535

D.C. No.
2:05-cv-05274-
ABC-SS

OPINION

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted May 4, 2009*
Pasadena, California

Filed June 15, 2009

Before: Cynthia Holcomb Hall, Andrew J. Kleinfeld and
Barry G. Silverman, Circuit Judges.

Opinion by Judge Silverman

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Gwen Freeman, Knapp, Petersen & Clark, Glendale, California, for the plaintiffs-appellants.

James Severson, Bingham McCutchen, LLP, San Francisco, California, for the defendants-appellees.

**OPINION**

SILVERMAN, Circuit Judge:

Appellants Mentha Smith and Justin Gossett — the only named plaintiffs in this case — voluntarily settled their Fair Labor Standards Act claims before this appeal was taken. We hold today that such plaintiffs no longer have a personal stake in the outcome. This case is thus rendered moot. Accordingly, we dismiss this appeal for lack of jurisdiction.

## I.  Background

Smith and Gossett (mother and son) are former hourly employees of T-Mobile USA, Inc. who worked as sales representatives in California. They brought an action in the district court against T-Mobile under the FLSA, California Labor Code § 200 et seq., and California Business and Professions Code § 17200 et seq. They alleged that T-Mobile willfully failed to pay its hourly employees for all the hours they worked, forcing employees to work "off the clock" and denying pay for hours worked during breaks. Smith and Gossett sought to represent a class of approximately 25,000 former and current T-Mobile employees in a FLSA collective action.[1]

On October 26, 2005, Smith and Gossett filed a motion for conditional certification of the collective action or, alternatively, tolling of the statute of limitations. They proposed to certify a class of "[a]ll hourly employees and former employees of T-Mobile nationwide who worked at T-Mobile at any time for the period from three years predating the filing of th[e] complaint to the present." The district court denied the

---

[1]The FLSA states, in relevant part, that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Employers who violate § 207 are "liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 216(b) also provides the mechanism for collective actions:

> An action to recover the liability prescribed . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

motion for conditional certification without prejudice, but tolled the statute of limitations until discovery was complete and the court could rule on a second motion for conditional certification. The court allowed the parties to conduct discovery in anticipation of the second motion.

Discovery was protracted and contentious. Both plaintiffs and defendants filed motions to compel, which were granted in part. Approximately one year and four months after the district court denied their first motion for conditional certification, plaintiffs filed their second motion. At that point, no other employees had opted in with viable claims; the sole opt-in plaintiff was an acquaintance of plaintiffs, Earvin Chavez, whose claim was legally barred by a previous settlement.

The district court initially granted the motion for conditional certification. However, it reversed its decision after T-Mobile filed a motion for reconsideration. Plaintiffs filed a motion for reconsideration, which the district court denied.

Following that ruling, Smith and Gossett voluntarily accepted an offer of judgment from T-Mobile and settled their claims.[2] A stipulated judgment set out the amounts T-Mobile agreed to pay to plaintiffs as "full, complete, and final satisfaction of all [their] individual claims as stated in this action." The parties agreed that Chavez was not entitled to any payment since all the claims he could have asserted were fully satisfied in connection with the settlement of a prior lawsuit. T-Mobile also agreed to pay plaintiffs' counsel $10,000 as "full, complete and final satisfaction of any claim they or their clients may have for attorneys' fees and/or costs of litigation

---

[2]We use the term "voluntarily" here to contrast a situation where a defendant purposefully makes an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure and tenders the full amount of a named plaintiff's personal claims before the plaintiff can move for certification, as in *Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 917-19 (5th Cir. 2008).

in connection with the individual claims asserted by their clients."

Before reaching settlement, the parties represented to the district court that they discussed whether there existed a mechanism by which plaintiffs' individual claims could be settled while still preserving their ability to appeal the ruling denying FLSA certification. They eventually signed a stipulated judgment that stated:

> At Plaintiffs' request, . . . Plaintiffs' acceptance of this Offer shall be expressly subject to Plaintiffs['] . . . reservation of rights (a) to take an appeal, as contemplated in *Dugas v. Trans Union Corp.*, 99 F.3d 724 (5th Cir. 1996), and the cases cited therein, of the Court's earlier Order denying their motion for conditional certification of this action as a collective action under the Federal Fair Labor Standards Act ("FLSA"), and (b) in the event such an appeal is pursued, is successful and the case is remanded to this Court for further proceedings, to continue to prosecute the case in accordance with the order of remand, with the understanding, however, that their individual claims have been fully and finally compromised, settled and dismissed, and that these claims may not be reinstated or reopened, and that no further claims of any kind may be asserted on their individual behalf. In accepting this Offer, Plaintiffs and their counsel acknowledge that they have relied solely on their own legal analysis and not on any representation by Defendants or their counsel regarding the legal effect of this Offer and/or their standing to appeal.

The district court entered judgment in accordance with the parties' stipulations. Plaintiffs timely filed a notice of appeal.

## II. Discussion

We review de novo whether a case is moot and whether plaintiffs have standing. *Council of Ins. Agents & Brokers v. Molasky-Arman*, 522 F.3d 925, 930 (9th Cir. 2008); *see also Sable Commc'ns of Cal., Inc. v. FCC*, 827 F.2d 640, 642 (9th Cir. 1987) ("The question of whether a particular case presents an Article III case or controversy is . . . reviewed de novo.").

The case or controversy requirement of Article III restricts federal court jurisdiction to "disputes capable of judicial resolution." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). A case becomes moot, and incapable of judicial resolution, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *See Powell v. McCormack*, 395 U.S. 486, 496 (1969). Generally, when a party settles all of his personal claims before appeal, an appeals court must dismiss the appeal as moot unless that party retains a personal stake in the case that satisfies the requirements of Article III. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333-34 (1980); *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 611 (8th Cir. 2003).

We need not decide whether a Rule 23 class action plaintiff who settles his individual claims can preclude mootness by affirmatively preserving his claim to appeal in the settlement agreement and then asserting a procedural right to represent a class. *Compare, e.g.*, *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 528-29 (D.C. Cir. 2006) (finding reservation sufficient to preclude mootness) *with, e.g.*, *Potter*, 329 F.3d at 613-14 (finding reservation insufficient to preclude mootness); *cf. Seidman v. City of Beverly Hills*, 785 F.2d 1447, 1448 (9th Cir. 1986) (also declining to address this issue). We do not decide this issue because here, structural distinctions between a FLSA collective action and a Rule 23 class action foreclose appellants' claims of a continuing personal stake. Accordingly, we join our sister circuits in holding that a

FLSA plaintiff who voluntarily settles his individual claims prior to being joined by opt-in plaintiffs and after the district court's certification denial does not retain a personal stake in the appeal so as to preserve our jurisdiction. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915-19 (5th Cir. 2008); *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1247-49 (11th Cir. 2003).

**[1]** A plaintiff seeking FLSA collective action certification does not have a procedural right to represent a class in the absence of any opt-in plaintiffs. Section 216(b) of the FLSA, the collective action provision, provides that no employee other than the plaintiff "shall be a party plaintiff to [a FLSA collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Thus, while the existence of a Rule 23 class action "does not depend in theory on the participation of other class members," who can either opt in or opt out, a FLSA case cannot become a collective action unless other plaintiffs affirmatively opt in by giving written and filed consent. *Cameron-Grant*, 347 F.3d at 1248-49. A FLSA plaintiff therefore has no independent right to represent a class that would preserve a personal stake in the outcome for jurisdictional purposes; his right to represent a class depends entirely on whether other plaintiffs have opted in. This key difference between a Rule 23 opt-out class action and a FLSA opt-in collective action cannot be overlooked for purposes of determining our jurisdiction to entertain this appeal.

**[2]** Because plaintiffs did not have a right to represent a class, they were not acting in the capacity of class representatives at the time of settlement as they now claim. *Compare Dugas v. Trans Union Corp.*, 99 F.3d 724, 726-29 (5th Cir. 1996). Thus, Smith and Gossett's acceptance of T-Mobile's offer of judgment when no other plaintiffs had opted in disposed of the only claims they could assert at the time. *See Sandoz*, 553 F.3d at 919 ("This means that when Cingular made its offer of judgment, Sandoz represented only herself,

and the offer of judgment fully satisfied her individual claims.").

**[3]** For the same reasons, Smith and Gossett's argument that they continue to retain a personal stake in the recovery of attorneys' fees and costs relative to the class claims, the "class share" of any liquidated or punitive damages, and the enhancement to which a class representative is entitled if the claims ultimately prevail also fails. Plaintiffs' attorneys agreed to accept $10,000 as full satisfaction of any claim they had to attorneys' fees and costs of litigation in connection with the individual claims. At the time they settled, plaintiffs could only assert individual claims because they had no right to represent a class, as to reiterate, they were the only plaintiffs in the case. Attorneys' fees therefore do not provide the plaintiffs with the personal stake required for a case or controversy. Any enhancement a district court may order for plaintiffs' service as class representatives also does not create a personal interest in the case, as any enhancement awarded would relate only to costs of litigation brought about by the class litigation itself.[3] They similarly had no right to liquidated and punitive damages that a district court *might* award *if* other plaintiffs opted in.

**[4]** Because the plaintiffs voluntarily settled all of their claims after the district court's denial of certification, they have failed to retain a personal stake in the litigation and their case is moot. Accordingly, we dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

---

[3]We do not express an opinion as to the availability of any enhancement to a class representative in a FLSA collective action. Plaintiffs cite cases awarding enhancements pursuant to Rule 23 actions only, and § 216(b) does not mention the availability of any enhancement award.