Jose GOMEZ, individually and on behalf of a class of similarly situated individuals, Plaintiff,

v.

CAMPBELL–EWALD COMPANY, a Delaware corporation, Defendant.

Case No. CV 10–2007 DMG (CWx).

United States District Court, C.D. California.

April 8, 2011.

924

Evan M. Meyers, Michael J. McMorrow, Rafey S. Balabanian, Ryan D. Andrews, Edelson McGuire LLC, Chicago, IL, Sean Patrick Reis, Edelson McGuire LLP, Rancho Santa Margarita, CA, for Plaintiff.

Laura A. Wytsma, Christine M. Reilly, Michael L. Mallow, Loeb & Loeb LLP, Los Angeles, CA, for Defendant.

**ORDER RE: (1) PLAINTIFF'S MO-TION TO STRIKE [Doc. # 32]; (2) PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [Doc. # 33]; AND (3) DEFENDANT'S MOTION TO DISMISS [Doc. # 47]**

DOLLY M. GEE, District Judge.

This matter is before the Court on the following: (1) Plaintiff's motion to strike [Doc. # 32]; (2) Plaintiff's motion for class certification [Doc. # 33]; and (3) Defendant's motion to dismiss [Doc. # 47]. The Court held a hearing on April 8, 2011. Having duly considered the respective positions of the parties, as presented in their briefs and at oral argument, the Court now renders its decision. For the reasons set forth below, Defendant's motion to dismiss is DENIED, Plaintiff's motion to strike is GRANTED, and the Court defers its ruling on Plaintiff's motion for class certification until after the parties have completed class discovery.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

#### A. Plaintiff's Claim

On March 19, 2010, Plaintiff filed a class action complaint in this Court alleging violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). (Compl. ¶ 20.) According to Plaintiff, beginning in at least 2006, Defendant directed the mass transmission of wireless spam to the cellular telephones of consumers across the nation to advertise on behalf of the U.S. Navy. (Compl. ¶ 14.)

On or about May 11, 2006, Plaintiff received the following text message on his cellular phone:

DESTINED FOR SOMETHING BIG? DO IT IN THE NAVY. GET A CA-REER. AN EDUCATION. AND A CHANCE TO SERVE A GREATER

CAUSE. FOR A FREE NAVY VID-EO CALL 1–800–510–2074.

(*Id.* ¶ 16; emphasis in original). Plaintiff received additional text message advertisements over the next several months and never consented to the receipt of such text message calls from Defendant. (*Id.* ¶¶ 18–19.)

Plaintiff seeks $500 in damages for each purported TCPA violation, as well as treble damages, injunctive relief, and an award of reasonable attorneys' fees and costs. (*Id.* ¶¶ 30–31.) Plaintiff seeks to certify a nationwide class of "thousands" consisting of "all persons in the United States and its Territories who received one or more unauthorized text message advertisements from Defendant." (*Id.* ¶¶ 20–21.)

#### B. The Parties' Stipulation

Pursuant to Local Rule 23–3, Plaintiff's motion for class certification was originally due to be filed on or before June 17, 2010.

On May 18–19, 2010, counsel for the parties conferred regarding Defendant's motion to dismiss. (Decl. of Michael J. McMorrow in Supp. Reply ("McMorrow MTD Decl.") ¶¶ 2–3.) In response to Plaintiff's counsel's request for additional time to respond to Defendant's motion, Defendant's counsel stated, "we are amenable to a change in the hearing date as long as you agree not to initiate discovery until after the motion is decided." (McMorrow MTD Decl. ¶ 3, Ex. 1.)

On June 2, 2010, the parties filed a stipulation (the "Stipulation") by which the parties agreed that the deadline for Plaintiff to file his motion for class certification should be extended. [Doc. # 9.] Plaintiff wished to wait for Defendant to answer or otherwise respond to the Complaint, and to conduct pre-certification discovery, before filing his motion for class certification. Defendant agreed that it would be "ineffi-

cient for the Court and the parties to expend resources on class certification-related activities before Defendant has responded to the Complaint and before any threshold motions are resolved and the pleadings are more settled." (Stipulation at 2.)

The parties therefore stipulated that:

Following disposition of Defendant's responsive pleadings, the Parties, if necessary, anticipate presenting a proposed discovery schedule to the Court setting forth the deadlines and requirements associated with the parties' Rule 26(f) conference and report.

(*Id.*) On June 3, 2010, the Court approved the Stipulation and extended Plaintiff's deadline to file his motion for class certification "until after all Parties have answered and presented a proposed discovery schedule to the Court setting forth the deadlines and requirements associated with the parties' Rule 26(f) conference and report." [Doc. # 10.]

On May 19, 2010, Defendant filed its first motion to dismiss, which the Court denied on November 5, 2010. On November 19, 2010, Defendant filed its Answer. On November 22, 2010, Defendant filed a motion for reconsideration of its motion to dismiss, which the Court denied on December 9, 2010. On January 19, 2011, Plaintiff filed his motion for class certification. On February 1, 2011, the Court issued its Scheduling and Case Management Order.

## C. *Defendant's Rule 68 Offer and Offer of Settlement*

On January 5, 2011, Defendant filed a notice of offer of judgment pursuant to Fed R. Civ. P. 68 (the "Rule 68 Offer").[1] [Doc. # 31.] Defendant offered to allow judgment to be entered against it in this action (1) in the amount of $1503 for each unsolicited text message that Plaintiff alleged received from or on behalf of Defendant (which represented $501 trebled as requested by Plaintiff in the Complaint), (2) to pay any and all reasonable costs incurred by Plaintiff or his attorneys in the action, and (3) to allow the Court to enter an injunction against it. (Rule 68 Offer at 1.)

On January 5, 2011, Defendant also made a settlement offer to Plaintiff (the "Settlement Offer"). Defendant offered "to resolve all claims which [Plaintiff] has or had against [Defendant] arising from or related to any unsolicited text messages that were allegedly sent by or on behalf of [Defendant] to [Plaintiff] between March 19, 2006, and the present." (Decl. of Laura A. Wytsma ("Wytsma Decl.") ¶ 6, Ex. 5.) In the Settlement Offer, Defendant offered to: (1) pay Plaintiff the sum of $1503 for each and every unsolicited text message that was allegedly sent by or on behalf of Defendant to any cell phone owned by Plaintiff; (2) pay Plaintiff any costs that he would recover if he were to prevail in the action; and (3) agree to a stipulated injunction prohibiting it from the alleged "wireless spam activities." (*Id.*)

On January 19, 2010, Plaintiff filed a(1) motion to strike and quash Defendant's Rule 68 Offer [Doc. # 32] and a(2) motion for class certification [Doc. # 33]. On March 11, 2011, Defendant filed an opposition to Plaintiff's motion to strike, an opposition to Plaintiff's motion for class certifi-

1. Rule 68 of the Federal Rules of Civil Procedure permits a defendant to "offer to allow judgment" at least 14 days before the date set for trial. Fed.R.Civ.P. 68(a). "If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." *Id.* "An unaccepted offer is considered withdrawn." Fed. R.Civ.P. 68(b).

cation, and a second motion to dismiss [Doc. # 47]. On March 25, 2011, Plaintiff filed a reply in support of his motion to strike, a reply in support of his motion for class certification, and an opposition to Defendant's second motion to dismiss. On April 1, 2011, Defendant filed a reply in support of its second motion to dismiss.

## II.

### DEFENDANT'S MOTION TO DISMISS [2]

The parties do not dispute that Defendant's Rule 68 Offer would have fully satisfied the individual claims asserted, or that could have been asserted, by Plaintiff in this action.[3] The parties also do not dispute that an offer of judgment cannot moot a case once a class has been certified. The question before the Court is whether an offer of judgment made to a named plaintiff *prior* to class certification moots a putative class action.

Defendant contends that the Rule 68 Offer moots Plaintiff's claim because Plaintiff has "won" and there is no longer anything left for this Court to adjudicate. Plaintiff argues that the Rule 68 Offer is an improper attempt to "pick off Plaintiff's claim because he had no opportunity to file a class certification motion prior to such offer.

### A. Mootness Under Article III of the U.S. Constitution

Article III of the Constitution limits federal subject matter jurisdiction to "cases and controversies." U.S. Const. art. III § 2; *United States Parole Commission v. Geraghty*, 445 U.S. 388, 395, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980); *see also Rosemere Neighborhood Ass'n v. U.S. Environmental Protection Agency*, 581 F.3d 1169, 1172–73 (9th Cir.2009).

A case is moot when (1) "the issues presented are no longer live" or (2) the parties lack a "legally cognizable interest in the outcome." *Geraghty*, 445 U.S. at 396, 100 S.Ct. 1202 (internal quotations omitted). The "personal stake" requirement assures that the Court is presented with a dispute it is capable of resolving. *Id.* at 397, 100 S.Ct. 1202. "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Id.* (internal quotations omitted).

In the class action context, the Supreme Court has permitted named plaintiffs whose individual claims were mooted to appeal a denial of class certification. *Geraghty, supra*, 445 U.S. 388, 100 S.Ct. 1202; *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). Applying a "relation back" approach, the Supreme Court held that such named plaintiffs who had a personal stake at the inception of the action may continue to litigate the class certification issue on appeal in these circumstances: (1) where the claim is "capable of repetition yet evading review"; and (2) where the claim is so "inherently transitory" that the trial

---

**2.** As Defendant has already filed an Answer, it cannot raise its mootness arguments by way of a motion under Fed.R.Civ.P. 12(b)(1). *See* Fed.R.Civ.P. 12(b). As Defendant has presented matters outside of the pleadings and Plaintiff has not objected, the Court construes Defendant's motion as one for summary judgment. *Id.* at 12(d).

**3.** Rule 68 of the Federal Rules of Civil Procedure permits a defendant to "offer to allow

judgment" at least 14 days before the date set for trial. Fed.R.Civ.P. 68(a). "If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." *Id.* "An unaccepted offer is considered withdrawn." Fed. R.Civ.P. 68(b).

court will not have enough time to rule on a motion for class certification before the proposed named plaintiff's individual interest expires *Geraghty,* 445 U.S. at 398–99, 100 S.Ct. 1202.

### B. *Whether A Rule 68 Offer of Judgment Moots Plaintiff's Class Claims*

The parties in this case debate whether the rationale animating the *Geraghty* and *Roper* decisions may be extended to a situation, as here, where an offer of judgment under Fed.R.Civ.P. 68 is conveyed *prior to* the filing of a class certification motion. Neither the Ninth Circuit nor the U.S. Supreme Court has squarely addressed whether an involuntary offer of judgment pursuant to Fed.R.Civ.P. 68 made prior to a class certification motion moots the named plaintiff's claims. *See Clausen Law Firm, PLLC v. Nat'l Academy of Continuing Legal Education,* —— F.Supp.2d ——, 2010 WL 4396433 (W.D.Wash. Nov. 2, 2010).

■ Under the "relation back" doctrine, the Court considers a motion for class certification as "relating back" to the time the original class complaint was filed so that the named plaintiff retains standing to litigate the action even though his or her individual claims may otherwise have become moot. *See Sosna v. Iowa,* 419 U.S. 393, 402 n. 11, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *see also Wade v. Kirkland,* 118 F.3d 667, 670 (9th Cir.1997).

The Court has surveyed the legal landscape with regard to the application of the relation back doctrine. Although there is no Ninth Circuit decision directly on point, the Ninth Circuit has provided hints in other analogous contexts as to how it might approach the issue. In *Smith v. T–*

*Mobile USA, Inc.,* 570 F.3d 1119 (9th Cir. 2009), the Ninth Circuit held that because the plaintiffs *voluntarily* settled all of their FLSA claims after the district court's denial of class certification, the plaintiffs failed to retain a personal stake in the litigation and their claims were moot. *See Smith,* 570 F.3d at 1123. The court highlighted the term "voluntarily," in the following note:

> We use the term 'voluntarily' here to contrast a situation where a defendant purposefully makes an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure and tenders the full amount of a named plaintiff's personal claims before the plaintiff can move for certification, as in *Sandoz v. Cingular Wireless, LLC,* 553 F.3d 913, 917–19 (5th Cir.2008).

*Id.* at 1121 n. 2. In *Narouz v. Charter Communications, LLC,* 591 F.3d 1261 (9th Cir.2010), the Ninth Circuit went further to hold that even when a named plaintiff *voluntarily* settles his or her individual claims, but specifically retains a personal stake, the plaintiff may appeal the denial of class certification. *See Narouz,* 591 F.3d at 1264 (noting that in order to retain the requisite "personal stake," a class representative "cannot release any and all interests he or she may have had in class representation through a private settlement agreement").

The Third, Fifth, and Tenth Circuits have applied the Supreme Court's "relation back" approach to find that unaccepted offers of judgment will *not* moot a class action for monetary relief where such offer was received before the court could reasonably be expected to rule on the named plaintiff's class certification motion.[4] *See,*

---

4. While the Seventh Circuit has recognized exceptions to the general rule that precludes a person from litigating a class action after his personal claim is extinguished, *i.e.,* the inherently transitory claim and the claim "capable of repetition ... but evading review," (*see, e.g., Wrightsell v. Cook County, Illinois,* 599 F.3d 781 (7th Cir.2010)), it has also held that the plaintiff cannot benefit from an exception to the mootness doctrine because the plaintiff

*e.g., Lucero v. Bureau of Collection Recovery, Inc.,* 639 F.3d 1239, 1249 (10th Cir. 2011) (finding a "nascent interest" attaches to the proposed class upon the filing of a class complaint such that a rejected offer made to a named plaintiff does not render the case moot under Article III); *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 920 (5th Cir.2008) (applying relation back doctrine in the context of the section 216(b) of the Fair Labor Standards Act ("FLSA") when the FLSA plaintiff files a timely motion for certification of a collective action); *Weiss v. Regal Collections,* 385 F.3d 337, 347–48 (3d Cir.2004) (applying relation back doctrine in the context of the Fair Debt Collection Practices Act ("FDCPA") where defendant made a Rule 68 offer before the plaintiff had a reasonable opportunity to move for class certification).

In this case, Defendant argues that because Plaintiff "does not seek to *appeal* a denial of class certification but instead seeks to obtain a new ruling on the class certification issue," the "relation back" doctrine is inapplicable. (Def.'s Reply at 4.) Defendant argues that *Weiss* and *Sandoz* inappropriately extended the Supreme Court's decisions in *Roper* and *Geraghty* beyond the narrow procedural posture of those cases, *i.e.,* appeals of adverse class certification rulings in cases where one of the two exceptions—"capable of repetition" and "inherently transitory"—applies.

In support of its position, Defendant relies primarily on *Lusardi v. Xerox Corp.,* 975 F.2d 964 (3d Cir.1992), where the Third Circuit held that the named plaintiffs, who voluntarily settled their case after eight years, no longer retained the requisite personal stake under Article III to pursue class certification. Defendant's reliance on *Lusardi* is misplaced. In *Lusardi,* the named plaintiffs settled their

individual claims before filing their motion to certify subclasses. Noting that there was a decision on the merits of class certification "not once but twice," the court determined that "this simply was not a case where the trial court lacked a reasonable opportunity to rule on the merits of class certification or where the class-action defendant successfully prevented effective resolution of a class certification issue." *Id.* at 983.

Indeed, in *Weiss,* a decision issued twelve years after *Lusardi,* the Third Circuit relied on *Roper* and *Geraghty* to find that the relation back doctrine *should* apply where the defendant made a Rule 68 offer before the court had "a reasonable opportunity" to consider class certification. *Weiss,* 385 F.3d at 346. Acknowledging that its decision created tension with its prior *Lusardi* decision, the court noted that the *Lusardi* plaintiffs *voluntarily* settled their claims before moving for class certification. *Id.* at 349. In contrast, because the *Weiss* defendant's "unilateral action" was used to "thwart" the putative class action before the certification question could be decided, the "'picking off scenarios described by the Supreme Court in *Roper* [were] directly implicated.'" *Id.* The court remanded the action to the district court to allow the plaintiff to file a motion for class certification.

The Sixth Circuit's decision in *Brunet v. City of Columbus,* 1 F.3d 390 (6th Cir. 1993), is similarly inapposite. There, because the plaintiffs accepted the defendant's settlement offer before the class certification motion was filed, the court found that the named plaintiffs did not have a "personal stake" at the time the district court certified the class. *Id.* at 400. The court noted that their claims were not mooted by the defendant's settle-

did not move for class certification prior to the evaporation of his personal stake (*see Hol-*

*stein v. City of Chicago,* 29 F.3d 1145, 1147 (7th Cir.1994)).

ment offer or by the court's order, but rather, by their agreement to accept the defendant's offer. *Id.*

Defendant cites two District Court decisions, *Russell v. United States*, 2009 WL 4050938 (N.D.Cal. Nov. 20, 2009) and *Ptasinska v. U.S. Department of State*, 2008 WL 294907 (N.D.Ill. Jan. 31, 2008), which are equally unconvincing. The *Russell* court, in fact, distinguished its case from *Weiss* because "the United States did not seek to pick off a single plaintiff by offering an individual settlement to plaintiff." *Russell*, 2009 WL 4050938 at *5. Instead, the United States audited more than 170,000 accounts and issued refunds to approximately 59,000 customers, including the named plaintiff. The court therefore noted:

> Here, the United States, if it has picked off anything, has picked off an entire lawsuit and not just an individual plaintiff. The concerns of an involuntary settlement being used to thwart a class action are not present under these circumstances.

*Id.* While the *Ptasinska* court read *Roper* narrowly to find that the named plaintiff's claims were moot because her claims were resolved before she sought class certification, *Ptasinska* is an unpublished decision from a district court outside of this Circuit and not binding on this Court.

This Court rejects the notion that Defendant can make an end-run around a class action simply by virtue of a facile procedural "gotcha," *i.e.*, the conveyance of a Rule 68 offer of judgment to "pick off" the named plaintiff prior to the filing of a class certification motion. The Court finds that the relation back doctrine is the proper approach in this context and next considers whether it should be applied under the particular facts of this case.

## C. The "Relation Back" Doctrine Should be Applied in this Case

### 1. Plaintiff Was Not Dilatory In Filing His Motion for Class Certification

■ In this case, Defendant asked Plaintiff to agree not to initiate discovery while its first motion to dismiss was pending (McMorrow Decl. ¶ 3, Ex. 1) and agreed that it would be "inefficient for the Court and the parties to expend resources on class certification related activities before Defendant has responded to the Complaint and before any threshold motions are resolved and the pleadings are more settled" (Stipulation at 2). In the Stipulation, Plaintiff stated that he "wishe[d] to wait for Defendant Campbell–Ewald to answer or otherwise respond to the Complaint, and to conduct pre-certification discovery, before filing his motion for class certification." (Stipulation at 2.) As a result of the parties' agreement, the Court extended Plaintiff's deadline to file his motion for class certification "until after all Parties have answered and presented a proposed discovery schedule to the Court setting forth the deadlines and requirements associated with the parties' Rule 26(f) conference and report." [Doc. # 10.]

Plaintiff therefore maintains that he had no reasonable opportunity to move for class certification because (1) the Court denied Defendant's first motion to dismiss on November 5, 2010, (2) the Court denied Defendant's motion for reconsideration on December 9, 2010, (3) on December 17, 2010, the Court set a scheduling conference for February 7, 2010, and (4) Defendant made its Rule 68 Offer on January 5, 2011. Plaintiff contends that even if he had moved for class certification without discovery, he still would have had to comply with Local Rule 7–3's meet and confer requirement, which would have invited De-

fendant to immediately make a Rule 68 offer of judgment.

By the time Defendant filed its offer of judgment on January 5, 2011, just one month had passed since the time the Court denied Defendant's motion for reconsideration on their first motion to dismiss. Plaintiff filed his motion for class certification, albeit without the benefit of discovery, within two months after Defendant filed its Answer. Under these circumstances, the Court does not find that Plaintiff was dilatory in filing his motion for class certification.

**2. Allowing Plaintiff's Class Claim To Proceed Furthers The Policies Underlying Fed.R.Civ.P. 23**

Defendant contends that Congress did not intend for TCPA claims to be litigated as class actions in federal court.

According to the Ninth Circuit, "[w]here a statute is silent on the availability of class relief, the Supreme Court has instructed that we presume it to be available in all 'civil actions brought in federal court.'" *Bateman v. Am. Multi–Cinema, Inc.,* 623 F.3d 708, 717 (9th Cir.2010) (quoting *Califano v. Yamasaki,* 442 U.S. 682, 699–700 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979)). As TCPA is silent on the subject of class relief, this Court must presume its availability.

**D. *Defendant's Settlement Offer Does Not Moot Plaintiff's Claim***

■ Defendant contends that its separate offer of settlement also mooted Plaintiff's claims. In this case, Plaintiff has not accepted either the Rule 68 Offer or the Settlement Offer. In light of the Court's ruling that Defendant's unaccepted Rule 68 offer of judgment does not moot Plaintiff's putative class claim, the Court also finds that Defendant's unaccepted Settlement Offer does not moot Plaintiff's claim.

**III.**

**PLAINTIFF'S MOTION TO STRIKE**

[7] Plaintiff contends Defendant's Rule 68 Offer should be quashed because it is an improper attempt to "pick off Plaintiff's claim and that it should be quashed because Rule 68 does not allow a party to file a Rule 68 offer unless it has been accepted.

Defendant filed notice of its Rule 68 Offer on January 5, 2011. Rule 68 provides that "[i]f, within 14 days after being served, *the opposing party serves written notice accepting the offer,* either party *may* then file the offer and notice of acceptance, plus proof of service." Fed.R.Civ.P. 68 (emphasis added). Here, because Plaintiff did not accept Defendant's offer of judgment, Defendant was not entitled under Rule 68 to file the offer of judgment.

The Court therefore grants Plaintiff's motion strike Defendant's Rule 68 Offer.

**IV.**

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

■ Plaintiff seeks to certify a class pursuant to Fed.R.Civ.P. 23(b)(3) comprised of "all persons in the United States and its Territories who received one or more unauthorized text message advertisements from Defendant." (Compl. ¶ 20.) Defendant objects to evidence presented by Plaintiff in support of his Motion for Class Certification.

Pursuant to the parties' Stipulation, on June 3, 2010, the Court extended the deadline for Plaintiff to file his Motion for Class Certification "until after all Parties have answered and presented a proposed discovery schedule to the Court setting forth the deadlines and requirements associated with the parties' Rule 26(f) conference and report." [Doc. # 10.] On January 5, 2011, Defendant served on Plaintiff the Rule 68

Offer. On January 19, 2010, Plaintiff hastily moved to strike the Rule 68 Offer and for class certification. On January 25, 2011, the parties filed their Joint Rule 26(f) report without proposing any schedule for class discovery. [Doc. # 36.] As a result of Defendant's Rule 68 Offer, Plaintiff was prompted to file his Motion for Class Certification *before* the parties filed their Joint Rule 26(f) report, contrary to the spirit of the parties' Stipulation in this case.

In light of the parties' Stipulation and the Court's ruling that this case is not moot, the Court defers its ruling on Plaintiff's Motion for Class Certification until after the parties have had an opportunity to engage in class discovery. Defendant's evidentiary objections are DENIED as moot.

### V.

### *CONCLUSION*

In light of the foregoing:

1. Defendant's Motion to Dismiss/Motion for Summary Judgment is DENIED.

2. Plaintiff's Motion to Strike and Quash is GRANTED; and

3. The Court defers its ruling on Plaintiff's Motion for Class Certification until after the parties have conducted class discovery:

   a. The parties shall meet and confer regarding a schedule for class discovery and shall file an Amended Joint Rule 26(f) Report regarding their proposed schedule by **April 22, 2011;**

   b. The parties shall meet and confer regarding a new schedule for supplemental briefing, if any, on Plaintiff's Motion for Class Certification and shall include their proposed schedule in their Amended Joint Rule 26(f) Report.

c. The parties shall appear for a telephonic Status Conference on **May 2, 2011 at 11:00 a.m.**

IT IS SO ORDERED.