**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSEPH VALDEZ, individually and on behalf of all others similarly situated, | No. 11-17610 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01797-PMP-RJJ |
| v. | MEMORANDUM[*] |
| COX COMMUNICATIONS LAS VEGAS, INC.; VIDEO INTERNET PHONE INSTALLS, INC.; SIERRA COMMUNICATIONS CO., | |
| Defendants, | |
| and | |
| QUALITY COMMUNICATIONS, INC., | |
| Defendant - Appellee. | |

| | |
|---|---|
| JOSEPH VALDEZ, individually and on behalf of all others similarly situated, | No. 12-16120 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01797-PMP-RJJ |
| v. | |

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

COX COMMUNICATIONS LAS
VEGAS, INC.; VIDEO INTERNET
PHONE INSTALLS, INC.; SIERRA
COMMUNICATIONS CO.; QUALITY
COMMUNICATIONS, INC.,

              Defendants - Appellees.


JOSEPH VALDEZ, individually and on
behalf of all others similarly situated,

              Plaintiff - Appellant,

GREGORY LANDERS,

              Intervenor - Appellant,

  v.

COX COMMUNICATIONS LAS
VEGAS, INC.; VIDEO INTERNET
PHONE INSTALLS, INC.; PARADIGM
COMMUNICATIONS, INC.; SIERRA
COMMUNICATIONS SERVICES, INC.;
QUALITY COMMUNICATIONS, INC.,

              Defendants - Appellees.

No. 12-16600

D.C. No. 2:09-cv-01797-PMP-RJJ


Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted November 8, 2013
San Francisco, California

Before: KLEINFELD, GILMAN[**], and RAWLINSON, Circuit Judges.

Joseph Valdez, who worked as a cable-service installer, filed a putative collective action against Quality Communications, Inc. (Quality) and several other cable companies and subcontractors under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and Nevada state law, alleging that Quality had failed to properly compensate installers for overtime hours worked. He subsequently accepted an offer of judgment from Quality pursuant to Rule 68 of the Federal Rules of Civil Procedure. Valdez now appeals from the resulting consent judgment.

Before accepting Quality's Rule 68 offer of judgment, Valdez filed a motion to direct the disclosure of the names and addresses of all putative class members. This motion was prompted by Valdez's earlier disqualification as the class representative. The district court denied Valdez's motion to direct disclosure after entering the consent judgment against Quality. Valdez also appeals the district court's denial of his motion.

As a separate matter, fellow cable-service installer Gregory Landers filed a motion to intervene in Valdez's case after Valdez accepted Quality's Rule 68 offer

---

[**] The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

3

of judgment. The district court denied Landers's motion. Landers appeals both the denial of his intervention motion and the denial of Valdez's motion to direct disclosure.

Quality argues that we lack jurisdiction over these appeals. It also seeks an award of its attorney fees and double costs as sanctions for Valdez's and Landers's appeals, which Quality contends are frivolous.

We agree that we lack jurisdiction over Valdez's two appeals. This court's decision in *Smith v. T-Mobile USA Inc.*, 570 F.3d 1119 (9th Cir. 2009), controls the outcome in this case. In *Smith*, the named plaintiffs in an FLSA case appealed following the entry of a stipulated judgment in their favor. The *Smith* court dismissed the appeal for lack of jurisdiction, concluding that "[b]ecause the [named] plaintiffs voluntarily settled all of their claims after the district court's denial of certification, they have failed to retain a personal stake in the litigation and their case is moot." *Id.* at 1123. Similarly, Valdez has no continuing personal stake in this litigation after accepting the Rule 68 offer of judgment from Quality.

The two cases principally relied on by Valdez to support the contrary conclusion are inapposite. One of these cases is *U.S. Parole Commission v. Geraghty*, 445 U.S. 388 (1980), which involved a Rule 23 class action. Such actions are procedurally distinct from an FLSA collective action pursuant to 29

4

U.S.C. § 216(b). *See Geraghty*, 445 U.S. at 403-06 (discussing class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure); *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) (explaining that "Rule 23 actions are fundamentally different from collective actions under the FLSA").

The other case is distinguishable because it involved the effect of a *rejected* Rule 68 offer of judgment. *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1085, 1090-91 (9th Cir. 2011). Valdez in contrast accepted Quality's offer of judgment.

Nor does Valdez's post-judgment effort to obtain attorney fees give him a continuing personal stake in this litigation. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199-200 (1988) (explaining that a claim for attorney fees is separate from the merits of the case). In sum, Valdez's voluntary settlement of his individual claims against Quality renders his appeals moot.

Turning now to Landers's arguments, he first contends that he has standing to prosecute his own appeals even if Valdez lacks standing. We respectfully disagree. Landers is a nonparty to Valdez's FLSA suit and lacks standing because he never opted in to the lawsuit. *See Genesis Healthcare*, 133 S. Ct. at 1530 (noting that conditional certification "does not produce a class with an independent legal status, or join additional parties to the action").

5

Moreover, a party seeking to intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure must show, among other things, that "the disposition of the action may . . . impair or impede the applicant's ability to protect [his] interest." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). Landers cannot show such prejudice here because he has filed his own FLSA suit against Quality, which is currently pending before this court.

Finally, Quality asks us to award attorney fees and double costs pursuant to Rule 38 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1912. Such requests, however, must be made in a separately filed motion. *See Higgins v. Vortex Fishing Sys., Inc.*, 379 F.3d 701, 709 (9th Cir. 2004) (explaining the separately filed motion requirement). Quality has not yet filed an appropriate separate motion, so its request must be denied at this time.

For all the above reasons, WE DISMISS Valdez's appeals for lack of jurisdiction and AFFIRM the district court's denial of Landers's motion to intervene. As for Quality's request for attorney fees and double costs, the same is DENIED WITHOUT PREJUDICE.