NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  LOFTON RYAN BURRIS,<br><br>Debtor,<br>_____<br><br>LOFTON RYAN BURRIS,<br><br>Appellant,<br><br>  v.<br><br>WELLS FARGO BANK, NA; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Soundview Home Loan Trust 2006-WF1 Asset-Backed Certificates, Series 2006-WF1,<br><br>Appellees. | No. 13-56763<br><br>D.C. No. 2:13-cv-05917-GAF-JC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

_____

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Burris's request for oral argument, set forth in his opening brief, is denied.

Lofton Ryan Burris appeals pro se from the district court's judgment dismissing for lack of jurisdiction his action arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction. *Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002). We affirm.

The district court properly concluded that it lacked jurisdiction to withdraw the reference of Burris's adversary proceeding from the bankruptcy court because the underlying bankruptcy case had been dismissed. *See Smith v. T-Mobile USA Inc.*, 570 F.3d 1119, 1122 (9th Cir. 2009) ("The case or controversy requirement of Article III restricts federal court jurisdiction to disputes capable of judicial resolution. A case becomes moot, and incapable of judicial resolution, when the issues presented are no longer live" (citations and internal quotation marks omitted)).

The district court properly concluded it could not construe Burris's "Notice of Removal" as an initial filing because Burris failed to establish an independent basis for federal jurisdiction. *See Kokkoenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (explaining federal jurisdiction generally); *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012) (explaining federal

question jurisdiction); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) (explaining diversity jurisdiction).

The district court did not abuse its discretion in granting defendants' requests for judicial notice because the documents in question were either filed in federal court, or matters of public record. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (standard of review); *see also Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017) (matters of public record are properly the subject of judicial notice); *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (explaining that "documents on file in federal or state courts" are properly the subject of judicial notice).

To the extent Burris argues that the district court's dismissal was an improper remand under 28 U.S.C. § 1452, we lack jurisdiction to consider that determination. *See* 28 U.S.C. § 1452(b).

**AFFIRMED.**

13-56763