# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31238

United States Court of Appeals
Fifth Circuit

**FILED**

November 11, 2019

Lyle W. Cayce
Clerk

JAVIER PORTILLO, on behalf of himself or other persons similarly situated,

Plaintiff–Appellant,

versus

PERMANENT WORKERS, L.L.C.;
CONRAD INDUSTRIES, INCORPORATED; DANNY CEPERO,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana

Before JONES, SMITH, and HAYNES, Circuit Judges.
JERRY E. SMITH, Circuit Judge:*

Javier Portillo sued for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). The district court approved a settlement but, on the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31238

basis of estoppel, denied Portillo's separate motion for attorney's fees and costs. Portillo appeals that denial. Because the court abused its discretion, we reverse the order denying fees and costs and render a judgment setting fees at $1,000. We remand for the district court summarily to award costs.

I.

Danny Cepero owns Permanent Workers, L.L.C. ("Permanent Workers"), which provided staff for shipbuilding. From November 2011 to December 2012, Permanent Workers employed Portillo as a general laborer. Portillo applied to and worked for Permanent Workers under the alias "Felix Serrano," using a fake social security card and state-issued identification. Portillo also used that alias to complete his I–9 and W–4 forms.

In September 2014, following a Department of Labor investigation, Permanent Workers and Cepero entered into an agreement with the Department under which Permanent Workers sent notice letters to employees whom it had underpaid, offering back wages. Portillo received a letter with a check for $1,305—payable to "Felix Serrano"—but never responded to it. Instead, he brought a collective action suit under the FLSA for unpaid overtime wages, interest, liquidated damages, and attorney's fees. He moved to have the class certified with himself as the class representative.

After defendants moved for summary judgment, asserting that they had no record of an employee named "Javier Portillo," Portillo revealed that he had worked under the alias. Defendants asserted that Portillo should be estopped from claiming overtime pay because he had engaged in deception by using the alias. The district court granted summary judgment for defendants, explaining that Portillo was unfit to represent the proposed class. This court vacated and remanded, ruling that dismissing Portillo's individual claim was an inappropriate remedy for rejection of his desired representative role in the class

No. 18-31238

action. *Portillo v. Permanent Workers, L.L.C.*, 662 F. App'x 277, 281–82 (5th Cir. 2016) (per curiam).

On remand, the parties settled and jointly moved to approve their settlement. That agreement awarded Portillo $2,610—$1,305 in unpaid wages and $1,305 in liquidated damages—but did not address attorney's fees and costs. The district court approved the agreement.

Portillo separately moved for attorney's fees and costs. Defendants opposed that motion, contending that Portillo should be estopped from recovering fees. Defendants relied on three alleged facts: (1) Portillo misrepresented his identity to obtain employment; (2) he did not disclose, until defendants had moved for summary judgment, that he had worked under an alias; and (3) litigation was not necessary because defendants previously had issued an unclaimed check for $1,305, payable to Portillo's assumed name, the same amount of back wages defendants had paid to Portillo to settle the lawsuit.

The district court referred the motion to a magistrate judge ("MJ"). The MJ initially recommended that the motion for fees and costs be granted in part because defendants had "not provided sufficient authority that the defense of estoppel can be applied to an award of attorneys' fees and costs after a settlement has been reached." The MJ later withdrew that recommendation and recommended that Portillo be estopped from obtaining fees and costs. The district court adopted the recommendation as its own.

## II.

"[B]ecause . . . estoppel is an equitable doctrine, . . . we review for abuse of discretion the lower court's decision to invoke it." *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 384 (5th Cir. 2008) (per curiam) (internal quotation marks omitted). "An abuse of discretion standard does not mean a mistake of

No. 18-31238

law is beyond appellate correction, because a district court by definition abuses its discretion when it makes an error of law." *Superior Crewboats, Inc. v. Primary P & I Underwriters* (*In re Superior Crewboats, Inc.*), 374 F.3d 330, 334 (5th Cir. 2004) (cleaned up). "Accordingly, the abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *Kane*, 535 F.3d at 384.

### III.

Portillo contends that estoppel should not apply because his "wrongdoing did not create a triable issue of fact on the merits of his claim."[1] The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The statute "thus mandates that the district court award attorney's fees to the prevailing party, but it gives the court discretion in deciding what is reasonable." *Purcell v. Seguin State Bank & Tr. Co.*, 999 F.2d 950, 961 (5th Cir. 1993). Here, however, the court found that Portillo—a prevailing plaintiff in an FLSA suit—was estopped from obtaining attorney's fees and costs. Although the court refused to award attorney's fees based on *equitable* estoppel, it also cited several cases related to *judicial* estoppel. Accordingly, we evaluate both equitable and judicial estoppel.

### A.

"Estoppel is an equitable doctrine invoked to avoid injustice in particular

---

[1] Portillo also avers that estoppel is categorically unavailable as a defense to attorney's fees once a plaintiff prevails in an FLSA suit. Because the district court denied attorney's fees based only on estoppel, which does not apply here anyway, we do not address that contention. We note, however, that this circuit has applied an "exceedingly narrow" "special-circumstances exception" to otherwise mandatory awards of attorney's fees under other statutes. *Sanchez v. City of Austin*, 774 F.3d 873, 878, 880 (5th Cir. 2014); *see also Davis v. Credit Bureau of the S.*, 908 F.3d 972, 976–77 (5th Cir. 2018) (per curiam).

cases." *Heckler v. Cmty. Health Servs. of Crawford Cty., Inc.*, 467 U.S. 51, 59 (1984). It applies where "one person makes a definite misrepresentation of fact to another person having reason to believe that the other will rely upon it and the other in reasonable reliance upon it does an act." *Id.* (quoting RESTATE-MENT (SECOND) OF TORTS § 894(1) (1979)). "[T]he party claiming the estoppel must have relied on its adversary's conduct in such a manner as to change his position for the worse." *Id.* (internal quotation marks omitted).

Estoppel provides only a narrow defense to FLSA claims. Some courts have noted that it is generally unavailable because "an employee cannot waive her rights under the FLSA without supervision by the Secretary of Labor or the Court."[2]

In *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972), however, we held, on narrow facts not alleged here, that a plaintiff was estopped from recovering compensation in her FLSA claim. The MJ and defendants misquote *Brumbelow* as holding that "a plaintiff, like Mr. Portillo, is 'estopped and [may] not profit from [his] own wrongdoing in furnishing false data to the employer.'" That misquote masquerades *Brumbelow*'s limiting language: "*On the narrow facts of this case*, the court correctly granted a directed verdict on the basis that the appellant was estopped and *could* not profit from her own wrong in furnishing false data to the employer." *Id.* (emphasis

---

[2] *Ayers v. Consol. Constr. Servs. of Sw. Fla., Inc.*, No. 2:07-cv-123, 2007 WL 4181910, at *2 (M.D. Fla. Nov. 26, 2007); *see Mencia v. Allred*, 808 F.3d 463, 470 (10th Cir. 2015) ("The use of equitable estoppel in FLSA wage claims is limited because such claims lie in an area where agreements and other acts that would normally have controlling legal significance are overcome by Congressional policy." (cleaned up)); *Perez-Nunez v. N. Broward Hosp. Dist.*, No. 08-61583-CIV, 2009 WL 723873, at *2 (S.D. Fla. Mar. 13, 2009) ("The doctrines of waiver, estoppel and laches are generally not applicable to FLSA claims."); s*ee also Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 667 (5th Cir. 1983) ("An employee is not permitted to waive employee status" for FLSA protections); *Tran v. Thai*, No. H-08-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010) ("It is unclear whether the equitable defenses of waiver, estoppel, unclean hands, and laches are available under the FLSA.").

added).[3]

*Brumbelow* thus limited its application of estoppel to its facts, which are distinguishable. There, the plaintiff assembled electric light pull cords in her home. *Id.* at 1325. Under company policy, workers were required to produce a minimum number of units per eight-hour day. Although it took the plaintiff longer to complete the requisite production, she falsely told her employer that she had worked for only eight hours a day. She then filed an FLSA claim, seeking compensation for the hours she had actually worked. *Id.* The court held that, on those specific facts, the worker was estopped from recovering for the hours she had misrepresented. *Id.* at 1327. The court further emphasized the narrowness of its holding by acknowledging that estoppel would be inappropriate where—despite an employee's misrepresenting his hours to the employer—the employer "knew or had reason to believe that the reported information was inaccurate." *Id.* (distinguishing *Wirtz v. Carolina Co.*, 255 F. Supp. 417 (M.D.N.C. 1966)).

Unlike the employer in *Brumbelow*, defendants did not violate the FLSA by detrimentally relying on their employee's misrepresentation. Portillo did not falsely report the number of hours nor misrepresent any facts that would change his status as an employee. Whether his name was Portillo or Serrano didn't matter. Either way, defendants violated the FLSA by not compensating him for overtime hours.

Courts in this circuit have not extended *Brumbelow* beyond circumstances in which an employer underpays as a result of good-faith reliance on misreported hours.[4] We decline to do so here, because Portillo's dishonesty

---

[3] The MJ and defendants omit the limiting language ("[o]n the narrow facts of this case") and change "could" to "[may]." They also misquote "wrong" as "wrongdoing."

[4] *See, e.g., Gaylon v. Chartis Glob. Investigations, Inc.*, No. H-10-0434, 2010 WL

didn't affect the merits of his suit nor cause detrimental reliance by defendants. Portillo is therefore not equitably estopped from seeking reasonable attorney's fees and costs under the FLSA.[5]

## B.

"The doctrine of judicial estoppel prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Ergo Sci., Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996). To invoke judicial estoppel, a party must satisfy two requirements. "First, it must be shown that the position of the party to be estopped is clearly inconsistent with its previous one; and second, that party must have convinced the court to accept that previous position." *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) (cleaned up). The court should consider "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001).

Portillo never asserted inconsistent positions to the court. He sued using his real name, not his alias, which is why defendants had no record of him as

---

11646662, at *15 (S.D. Tex. Sept. 28, 2010) ("As the appellate court in *Brumbelow* issued its ruling 'on the narrow facts of [that] case,' and the present matter does not conform to narrow facts in *Brumbelow*, the [c]ourt finds that the *Brumbelow* decision is unpersuasive in this case." (quoting *Brumbelow*, 462 F.2d at 1327)).

[5] Defendants contend that if not for Portillo's use of an alias, his lawsuit would have been unnecessary. Yet, even if defendants had tendered a check to "Portillo" (instead of "Serrano"), he wouldn't have been obligated to accept it in place of filing suit. *See* § 216(b). Further, no facts suggest that he *would* have accepted the settlement offer. To the contrary, he obtained a court-approved award of $2,610, double the amount he would have received had he accepted the offer. On remand, however, the court may consider the settlement obtained—and its relation to the original settlement offer—in calculating "reasonable" attorney's fees under § 216(b). *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (providing that when calculating attorney's fees, the court should consider, among other factors, "[t]he amount involved and the results obtained"), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

No. 18-31238

an employee.  Although he misrepresented his name and citizenship status to the government in his I–9 and W–4 forms, that misrepresentation does not support a finding of estoppel.  In several cases, we have allowed FLSA plaintiffs who filed taxes as independent contractors or pleaded independent-contractor status in other suits to sue as employees.[6]  Portillo's misrepresentation of his name is far less significant to his suit than were those plaintiffs' assertions as to their employment status.[7]

Portillo's misrepresentations also did not give him an unfair advantage. As discussed above, defendants violated the FLSA by underpaying him for overtime hours worked, regardless of his name or citizenship status.  Thus, because he neither asserted inconsistent positions nor derived an unfair advantage based on a misrepresentation to the court, judicial estoppel doesn't apply.

## IV.

The remaining question is the amount of fees and costs, if any, to award. Even for a statute as to which awarding fees is nondiscretionary where a violation is found, we have affirmed the denial of fees "[b]ased on the outrageous facts . . . and the conduct of [plaintiff's] attorneys."  *Davis v. Credit Bureau of the S.*, 908 F.3d 972, 974 (5th Cir. 2018) (per curiam).  The facts and

---

[6] *See Hopkins v. Cornerstone Am.*, 545 F.3d 338, 347–48 (5th Cir. 2008) (holding that a plaintiff who had pled independent-contractor status in another suit was not estopped from suing his employer as an employee); *Robicheaux*, 697 F.2d at 667 (holding that welders were "employees" even though their employment contract stated that they were independent contractors and they had filed their tax returns as "self-employed"); *Tran*, 2010 WL 5232944, at *8 (holding that a plaintiff who had filed taxes as an independent contractor wasn't estopped from suing his employer as an employee).

[7] Portillo's misrepresentation of his citizenship status is similarly irrelevant to his FLSA claims.  *See In re Reyes*, 814 F.2d 168, 170 (5th Cir. 1987) (per curiam) ("[I]t is well established that the protections of the [FLSA] are applicable to citizens and aliens alike and whether the alien is documented or undocumented is irrelevant.").

No. 18-31238

circumstances are egregious enough here to justify that result, though in the end we reject it.

Only "reasonable" attorney's fees are recoverable. "The court in such action shall, . . . allow a reasonable attorney's fee to be paid by the defendant . . . ." 29 U.S.C. § 216(b). The reasonableness of much of this litigation, and, therefore, the ensuing attorney's fees, is highly questionable. Long before suit was filed, the amount of overtime ultimately accepted as due was mailed to Portillo (under his alias, the only name known to the employer). The lengthy and, apparently, expensive litigation succeeded in obtaining that amount plus the statutory penalty (an extra $1305), but there is little to indicate that the same would not have been proffered far sooner had Portillo told the truth straight away.

Importantly, then, a drastic reduction from the requested fees is called for by deleting some of the hours consumed and otherwise departing from the lodestar.   Spending tens of thousands of dollars to recover $1305 makes little sense. *See Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 259 (5th Cir. 2018). Although the degree of success may not be the only factor considered, it weighs heavily here, particularly since no overarching principle was vindicated, no problem solved. *See id.* at 260.

Although we normally would remand this question to the district court, in this case a remand to set fees would only run up expenses and unduly prolong an already overbilled case.  It is time to put this matter to rest.  We set attorney's fees at $1,000.  That may seem generous to defendants and stingy to Portillo.  But the fact that no one goes home happy may indicate that the result is fair.  In any event, it's our job to declare that result and put this litigation to bed.  We remand for the district court to determine and assess costs in an expeditious and summary manner.  IT IS SO ORDERED.